Kelley v. Adams County.

---

MARY C. KELLEY, APPELLANT, V. ADAMS COUNTY, APPELLEE.

FILED APRIL 16, 1925. No. 23059.

1. **New Trial:** DISQUALIFICATION OF JUROR. Where a juror, during the trial, unofficially visits the *locus in quo*, and reaches a conclusion therefrom in reference to material facts in the case, he thereby disqualifies himself as such juror.

2. ———: ———. Where a juror has previous knowledge of facts or circumstances material to the case, and on his *voir dire*, upon proper inquiry being made, fails to disclose same, and where the complaining party could not, in the exercise of reason-

able diligence, have discovered such failure before the verdict was rendered, ordinarily a new trial should be granted.

3. ———: ———. In such cases, the fact that it is not shown that the juror conveyed the knowledge thus gained to the other jurors, or that such knowledge in no manner influenced his verdict, is not of itself controlling. The test is, are the facts thus gained of such weight as to enable a reviewing court to say that they had no part in the juror reaching the verdict rendered?

APPEAL from the district court for Adams county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed.*

*Bruckman & Paulson,* for appellant.

*James E. Addie, contra.*

Heard before MORRISSEY, C. J., DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

THOMPSON, J.

Mary C. Kelley, appellant, brought this action against Adams county, appellee, to recover for personal injuries. She alleges in her petition, in substance, that defendant was negligent in constructing and maintaining a bridge and wings thereto on one of the public highways of defendant county, in that holes were allowed to remain on the sides of the roadway within such wings; that, without negligence on her part, an automobile in which she was riding ran into one of said holes, as a result of which she is damaged in the sum of $10,000.

The answer, besides containing a general denial, alleges that the injuries complained of were caused by the defective condition of the steering wheel of the automobile in which plaintiff was riding when injured, of which plaintiff had full knowledge; that her minor son was negligently driving the automobile at the time, which contributed to the injury; that his negligence in law was her negligence.

The reply denies all new matter contained in the answer. Case tried to a jury, verdict for defendant. Motion for a new trial; one ground relied upon being that of misconduct of certain members of the jury. Motion overruled, and plaintiff appeals.

As to this misconduct, complaint is made that after the jury had been selected, and while the trial was in progress, one of the jurors, during a recess, drove to the place of the accident and examined the ground and situation relating to the matters in dispute, and covered by evidence theretofore introduced; that after such examination he remarked to those of his family with him that the situation was differ-ent from that presented by either party to the suit; that, while it is not shown that he told his fellow jurors what he had discovered, nevertheless such unofficial examination rendered him incompetent to afterward act as an impartial juror, and to render his verdict solely on the evidence introduced at the trial; that this instance did not come to the attention of plaintiff or others interested until after the verdict was rendered; that this is an error so prejudicial as to demand the setting aside of the verdict and the granting of a new trial.

On the hearing of this part of the motion, this juror testified to the substance of the foregoing relating to his visit to the *locus in quo*. After an adjournment, and on cross-examination, he said, in substance, that he was not sure that the place he examined was the place where the accident occurred; that what he saw in no manner influenced him, or had any weight in his joining in the verdict; that he had no intent of wrong-doing in visiting the place.

As to his being void of intentional personal misconduct as a juror may be conceded. However, in our practice, we have a jury of twelve men, each sworn to try the case solely on the evidence introduced, and the law as given by the court, and thus be able to render a true verdict. As to the facts in dispute, the evidence thereof must come within the purview of the court, at the trial, and not by a gleaning outside by one or more of the jurors, independent of the others, without the court's supervision. The fact that it is not shown that this juror conveyed the knowledge thus gained to his associates on the jury, or that such knowledge in no manner influenced his verdict, is not in itself controlling. The test is, are the facts thus gained by the unofficial exam-

ination of such weight as to enable us to say on review of the record thereof that they had no part in the juror's reaching the verdict rendered? This we cannot say, and neither can we say that "it is plain that such examination was not influential in obtaining a verdict." *Chicago, B. & Q. R. Co. v. Oyster*, 58 Neb. 1.

The location of the place of the accident as to the bridge, and the construction of the wing (approach) thereto, were material issues at the trial, which gave rise to critical examination of witnesses, and stressed these points on the juror's mind to the extent of impelling him, as he testifies, to select this particular highway for a drive with his family, although he had never traveled over it before, having lived close by for years. In the cases where we have held that an unofficial examination of the *locus in quo* by a juror did not constitute reversible error, it has been where the surroundings of such place at the time of the examination were not material to the issues before the jury. As held in *Falls City v. Sperry*, 68 Neb. 420:

"The modern jury must arrive at its verdict from evidence regularly produced in the course of the trial proceedings. That evidence may be no different from such as might be acquired by the jurors unofficially, but still the latter could not be considered. Thus, the jury under the proper supervision may view the premises in controversy, and in this state such view may afford a proper basis for their verdict. *Chicago, R. I. & P. R. Co. v. Farwell*, 60 Neb. 322. But if one or more of the jurors should visit unofficially the same locality during the progress of the trial and reach a conclusion as a result of such inspection, the verdict would be vitiated."

Plaintiff complains further of the disqualification of another juror, for the reason that, in answer to questions asked him on his *voir dire*, he did not disclose that as a member of the board of supervisors of defendant county, immediately after the accident, he had heard, at a meeting of such board, the county attorney and a member thereof, who had visited the scene of the accident, and examined

Kelley v. Adams County.

the automobile in which plaintiff was riding at the time, which still remained in the hole where it had lodged during the accident, report in substance as follows: That the hole alleged to have caused the accident was not included in the bridge or in the wings (approaches) thereto; that from an examination of the automobile the steering wheel was found to have been broken at the time of the accident, which prevented the driver from guiding the machine, and that this defect was the cause of the accident; that in the opinion of the county attorney the county was not liable. Plaintiff alleges that neither she nor her attorney knew of this report having been made until after the verdict had been rendered.

We find from the record that this juror was a member of the county board, and heard the report, as set out above, and that plaintiff could not, under the facts disclosed by the record, in the exercise of reasonable diligence, have discovered this sooner than she did. When sworn during the hearing upon the motion for a new trial, this juror testified that the above circumstance in no manner influenced him in arriving at the verdict, as he reached his conclusions solely from the testimony which he heard at the trial. We have no doubt but what this is his honest belief, yet it seems impossible that he could have done so under the circumstances. The rule hereinbefore announced as to the other juror complained of applies here. We cannot say that the knowledge gained by this juror as a member of the county board had no part in his reaching the verdict, or did not prevent plaintiff from having a trial by a fair and impartial jury. *Pearcy v. Michigan Life Ins. Co.*, 111 Ind. 59, 60 Am. Rep. 673.

For the foregoing reasons, the motion for a new trial should have been sustained, and the overruling thereof is reversible error. In view of this conclusion, we find it unnecessary to consider the other alleged errors presented.

REVERSED AND REMANDED.