ARTHUR SCHERZ ET AL., APPELLEES, v. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.

37 N. W. 2d 721

Filed May 26, 1949. No. 32532.

*Crosby & Crosby* and *Robert H. Beatty,* for appellant.

*C. L. Baskins* and *Carr & Hoagland,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiffs brought this action to recover damages to their lands and crops caused by seepage waters which were alleged to have escaped from the reservoir and canal of the Platte Valley Public Power and Irrigation District. The jury returned a verdict for the defendant. Plaintiffs filed a motion for a new trial which was sustained by the trial court. The defendant appeals from the order granting a new trial.

The district contends that the evidence was insufficient to sustain a judgment for plaintiffs and that its motion for a directed verdict should have been sustained. It urges that this being true, the errors assigned by the

plaintiffs could in no way prejudice the plaintiffs. It is the rule that when a successful litigant was entitled to a directed verdict, or when the proof is so clear and convincing that no other verdict could, within reason, have been returned, it becomes unnecessary to consider other claimed errors presented, for the reason that it is thereby shown that no substantial right of the unsuccessful litigant has been affected by such errors, if found to be such. Hardin Trust Co. v. Wollard, 119 Neb. 307, 228 N. W. 866. It is necessary therefore to determine if the defendant was entitled to a directed verdict.

In determining whether or not a verdict should have been directed, the evidence must be considered in the light most favorable to the party against whom the motion was made. Controverted facts must be resolved in his favor and he is entitled to the benefit of every inference that can be reasonably deduced therefrom.

The district is liable for seepage escaping from its works when and if it accrues. § 70-671, R. S. 1943. The district contends, however, that the evidence does not disclose that waters escaping from its works have damaged the lands of the plaintiffs, that a causal connection between escaped waters of the district and the seeped condition is not shown, and that the verdict therefore rests on speculation and conjecture. That proof establishing a causal connection between the waters of the district and the seeped condition of plaintiffs' lands is essential to a recovery of damages has been firmly established as the law of this state. Smith v. Platte Valley Public Power and Irrigation District, ante p. 49, 36 N. W. 2d 478.

The evidence on behalf of plaintiffs shows that when the defendant commenced its operations and filled its reservoir and canal, large amounts of water escaped and caused the level of the ground water under plaintiffs' lands to rise and thereby caused their lands to become seeped. The defendant's evidence is to the effect that the waters escaping from its reservoir and canal never did

reach the lands of these plaintiffs and that the seeped lands were the result of natural conditions brought about by abnormally high rainfall and low evaporation and transpiration. That plaintiffs' lands became seeped in 1942 and continued in that condition until the trial is established by the evidence and not disputed by the parties.

The parties offered the evidence of expert witnesses to show the cause of the seepage. The district contends that the testimony of plaintiffs' expert that he could not say whether or not waters from the district's reservoir or canal had found their way to plaintiffs' lands was sufficient to show that plaintiffs' case was grounded on speculation and conjecture, and therefore insufficient to support a judgment. Plaintiffs' expert testified, however, that although the proof tended to show that waters escaping from defendant's reservoir and canal may not have reached the lands of the plaintiffs, such waters had by hydrostatic pressure on existing ground waters raised the level thereof to such an extent as to cause the lands of plaintiffs to become seeped and waterlogged. It is true that the evidence of the experts was in conflict. It thus became a question for the jury to determine after considering the qualifications, opinions, and experience of the respective experts produced by the parties. We so held in a case very similar on its facts. Smith v. Platte Valley Public Power and Irrigation District, *supra*. The issues under the evidence adduced were for the jury and a directed verdict for the defendant was not in order.

The defendant contends that plaintiffs' cause of action as contained in the petition is based on an allegation that waters escaping from defendant's reservoir and canal found their way to and resulted in the waterlogging of said lands and that the evidence produced tended to prove that the escaped waters created a hydrostatic pressure which caused underground waters to rise and seep plaintiffs' lands. This is asserted as a fatal

variance between the pleading and the proof. There is no merit in defendant's position. The issue was whether waters escaping from defendant's reservoir and canal caused the damage or whether it was the result of abnormally high rainfall and other natural causes. The record does not show that the defendant was misled or otherwise prejudiced. We find no variance in the proof and pleadings that in any manner prejudiced the rights of the defendant. This very question was decided in Smith v. Platte Valley Public Power and Irrigation District, *supra*.

The record shows that the trial court found that a juror, during the jury's deliberations, discussed certain matters which were not expressions of opinion, but statements of fact claimed to have been personally known to him, and that such statements influenced the verdict arrived at by the jury. It was upon this finding that the trial court sustained plaintiffs' motion for a new trial. It is the general rule in this state that the affidavits or testimony of jurors are not admissible to impeach or avoid their verdict in respect to matters which inhere in the verdict itself. The plaintiffs offered the evidence of one or more jurors to the effect that a juror stated during the jury's deliberations that the defendant as a public corporation would probably drain the plaintiffs' lands; that if plaintiffs were permitted to recover damages, others would in all likelihood sue the public corporation; and that the defendant being a public corporation, all taxpayers would be affected thereby. These are matters of opinion, supposition, or argument which clearly inhere in a jury verdict. The evidence of jurors with respect thereto are not admissible and should not have been received in evidence by the trial court.

There is, however, the evidence of two jurors that a juror during the jury's deliberations made the statement that he formerly operated a road grader along this seeped land, that it had always been a regular frog pond all up and down there, and that it was no different now than

it was then. This is a statement of fact on a material issue which does not inhere in the verdict. It is evidence upon which a trial court may properly pass in determining if a new trial should be granted.

A verdict must be based upon the evidence introduced in the case. If a juror knows any fact which is relevant to the issues, he should be sworn and give his testimony the same as any other witness. Under our system, the trial court passes upon the competency, materiality, and relevancy of evidence before it is submitted to the jury. The testimony of a witness must be given under oath with the right of an opposing litigant to test it by cross-examination. An adverse party has a right to meet the evidence of any witness by counter proof, which he cannot do if he has no knowledge of its existence. These rights were all denied the plaintiffs in the present case because of the failure of the juror making the statements to be governed by the evidence introduced on the trial and the instructions given him by the court. Wood River Bank v. Dodge, 36 Neb. 708, 55 N. W. 234; Cook v. Patterson, 129 Neb. 16, 260 N. W. 696. When the misconduct of a juror relates to matters not inhering in the verdict, such misconduct may be shown by the affidavits or testimony of jurors familiar with the facts.

It is urged that the statements of the juror did not influence the result. It is necessary, of course, that the misconduct complained of influenced the jurors in arriving at a verdict. Chicago, B. & Q. R. R. Co. v. Oyster, 58 Neb. 1, 78 N. W. 359; Lambert v. State, 91 Neb. 520, 136 N. W. 720; Glick v. Poska, 122 Neb. 102, 239 N. W. 626. It is also the rule that such misconduct must relate to a matter in dispute. Carpenter v. Sun Indemnity Co., 138 Neb. 552, 293 N. W. 400. It is clear from the evidence in the present case that the misconduct related to the main issue to be determined.

The district contends, however, that the jury was not influenced by the improper statements made. It is true that the jurors called as witnesses maintained that they

tried the case on the evidence offered at the trial and the instructions of the court. But this raised an issue which the trial court could properly decide in passing upon the motion for a new trial. We have said that the right of a trial court to grant a new trial is based upon the exercise of a legal discretion. A new trial may not be granted for arbitrary, vague, or fanciful reasons. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. But, when the granting of a new trial requires a consideration of conflicting evidence, the findings of the trial court thereon will not ordinarily be disturbed on appeal. And where, as here, there is evidence sufficient to sustain the finding of the trial court that prejudicial error was contained in the record, there is no basis for stating that the trial court abused its discretion in granting a new trial.

AFFIRMED.