MILTON KLEIN, APPELLANT, V. CARL WILSON, APPELLEE, H. P. LAU AND COMPANY ET AL., INTERVENERS-APPELLEES.

94 N. W. 2d 672

Filed February 13, 1959. No. 34436.

*Dryden & Jensen,* for appellant.

*O. A. Drake* and *Joseph H. McGroarty,* for appellee.

*Hamer, Tye & Worlock,* for interveners-appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries and for damage to property instituted by Milton Klein, plaintiff and appellant, against Carl Wilson, defendant and appellee, on account of alleged negligence on the part of the defendant, growing out of the collision of an automobile owned and operated by plaintiff and a truck owned and operated by the defendant. The defendant by answer denied that he was negligent and affirmatively pleaded that the collision was caused by negligence of plaintiff which was more than slight. The defendant also filed a counterclaim in which he pleaded that the collision was caused by the negligence of plaintiff and that as a consequence thereof he suffered personal injuries and damage to his truck. He sought a recovery of damages on account thereof from the plaintiff. By reply the claim of defendant was denied. A petition of intervention was filed by two additional parties but their status is of no importance in the matters presented by this appeal. Accordingly no further reference will be made to them.

The action and cross-action were tried to a jury.

The jury returned a verdict in favor of plaintiff on his cause of action for $500. The defendant, by the verdict, was denied a recovery on his counterclaim. Judgment was rendered on the verdict. The plaintiff filed a motion for new trial which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff appealed.

The plaintiff has set forth four assignments of error which he contends are grounds for reversal. The first which will be considered here is an assertion that the court erred in failing to sustain plaintiff's motion for directed verdict at the close of defendant's evidence and at the close of all the evidence in the case. The bill of exceptions indicates that such a motion was made only at the close of defendant's evidence. However this is of no importance. Even if the motion at the time made was validly based and erroneously overruled, that ruling may not be treated now as a ground for reversal of the judgment. The reason is that the plaintiff obtained from the jury by its verdict without direction precisely what he sought by his motion.

The situation is controlled by the following rule: "Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party." Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. See, also, Clouse v. St. Paul Fire & Marine Ins. Co., 152 Neb. 230, 40 N. W. 2d 820, 15 A. L. R. 2d 1008; Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660; § 25-1142, R. R. S. 1943.

By another assignment of error the plaintiff contends that the court erred in giving two instructions. By these two instructions the court submitted to the jury the question of whether or not plaintiff's negligence caused the collision or contributed thereto, the manner in which the evidence on that subject should be weighed and considered, and the appropriate conclusions which should be reached depending upon the determination of this question as to cause.

The question of whether or not the collision was proximately caused by negligence of the plaintiff requires no consideration beyond a reminder that this question was decided favorably to the plaintiff by the jury and on principles already stated no cause for complaint by the plaintiff remains.

By the discussion of this assignment of error the plaintiff effectually asserts that the collision was caused solely by the negligence of the defendant, but notwithstanding this, the court submitted the question of contributory and comparative negligence which was pleaded in the answer to the jury. The determination on this question and the assignment of error next to be considered requires a review of the testimony disclosed by the record.

Of course if there was no evidence to sustain a finding that the plaintiff was guilty of negligence which proximately contributed to this collision, it was error to submit that issue to the jury. In Bay v. Robertson, 156 Neb. 498, 56 N. W. 2d 731, it was said: "Ordinarily, contributory negligence is a question for the jury; but, where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby to submit to the jury an issue which is outside the evidence." See, also, Strnad v. Mahr, 165 Neb. 628, 86 N. W. 2d 784.

In Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462, it was said: "Where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other, such issues must be submitted to a jury." See, also, Hammond v. Morris, 147 Neb. 600, 24 N. W. 2d 633; In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526.

On August 4, 1954, at about 8:35 a.m., plaintiff was driving an automobile north on a street in Kearney,

Nebraska, known as the fair ground road. At the same time the defendant was driving a truck east on Thirty-ninth Street, also in Kearney, Nebraska. The two streets intersected. The traveled portions of the two streets had a gravel surface as did the intersection. The dimensions of the graveled portion of the intersection or the streets do not clearly appear. It appears however that at all times of importance in the consideration of this case each of the parties was traveling to the right of the center of the street in his direction of travel. There is evidence that at about the time mentioned the left front corner of plaintiff's automobile and the right front corner of defendant's truck came into collision in the southeast quadrant of the intersection and not far from the center thereof. There is evidence that after the collision plaintiff's automobile moved eastward about 11 feet and faced northeast where it stopped, and that the truck moved in a northeasterly direction and came to rest about 65 feet from the point of collision in a borrow pit on the east side of the fair ground road. The plaintiff testified that he looked to the west and when he was 25 to 30 feet from the intersection he saw the truck of the defendant at which time the truck was about 75 feet west and coming down the middle of the road; that the truck did not reduce its speed; that it was moving at a speed of 25 to 30 miles an hour; that defendant was looking to the northeast and not in the direction from which plaintiff was approaching; that plaintiff entered the intersection first; and that as soon as he saw the defendant he applied his brakes and attempted to stop but was unable thereby to avoid the collision. In addition to this testimony of plaintiff, the plaintiff adduced testimony of the defendant from a deposition taken before the trial wherein the defendant stated that at the time of the collision he was going around 25 miles an hour; that he could see to the south about 60 feet when he was about 60 feet west of the intersection; and that he was

looking at a tractor to the northeast and never saw plaintiff's automobile until it hit the front wheel of his truck.

On the trial the defendant testified in substance that he approached the intersection from the west at a speed of from 20 to 25 miles an hour; that he looked to the south at which time the plaintiff was about 90 to 100 feet to the south and was approaching at the rate of 50 to 60 miles an hour; that he entered the intersection before the plaintiff; that it was not true that he failed to look south before the collision; that when he saw the plaintiff he applied his brakes but not sharply because he intended to go straight on through; and that he supposed he could have stopped before he got into the intersection if he had put on his brakes sharply. The plaintiff and defendant were the only witnesses to the accident.

As results of the collision the automobile and the truck were damaged. There was testimony that the damage to plaintiff's automobile amounted to $745.87. He had medical expense in the amount of $109.

There is evidence that both the plaintiff and the defendant were injured. The injuries to defendant, if any, as is true of the damage to the truck, do not require consideration herein.

The plaintiff testified that immediately following the accident he had pain in his back which had continued up to the time of the trial; that he had lost no time from his occupation; and that his salary had not been reduced. He testified however that his activities had been circumscribed in that he was no longer able as before to engage in strenuous physical pursuits or to actively engage in horseback riding, an activity in which he engaged before, and that the pain disturbed his rest and sleep. Testimony of his wife indicates that he complained of pain, "Oh, within a matter of a few months after the accident." He saw a doctor, according to his testimony, first in October 1955. He saw this doctor

only once. In April 1956, he saw an orthopedist. He gave this doctor a history of the accident and described the pain in his back. This doctor, according to plaintiff's testimony, saw him thereafter about once a month. The doctor found objectively nothing wrong with the back or any of its supporting structures, and X-rays disclosed no injury. He did prescribe a support. The doctor gave it as his opinion that plaintiff's pain and resultant restriction of action was caused by the injury received on August 4, 1954, and that thereby he had suffered permanent partial disability of from 5 to 10 percent.

There is evidence, as has been made to appear, that the plaintiff was from 90 to 100 feet to the south when the defendant was much nearer the intersection; that the defendant entered the intersection first; and evidence from which a jury could infer, if the plaintiff was as far away as the defendant contended that he was when defendant saw him, and the plaintiff was traveling at the speed claimed for himself, the defendant could reasonably have passed through the intersection. From this illustration it appears that the court was justified in concluding that there was evidence of contributory negligence on the part of the plaintiff sufficient for submission of that issue to the jury. No error was committed in so doing.

By the next assignment of error to be considered the plaintiff asserts that the smallness of the verdict returned indicates that it was rendered under the influence of passion and prejudice and is not based on the facts as disclosed by the record. As pointed out the amount awarded was $500.

It was the duty of the jury to consider and weigh all of the evidence and, with regard to testimony, to give it such weight as in its judgment it was entitled to receive. With regard to damage to the automobile the jury was not required to accept the estimate fixed by the witnesses. As to personal injuries to plaintiff

it was not bound to accept the version given by plaintiff's witnesses. The controlling principles are contained in the following stated rules:

"It is the province of the jury to harmonize the testimony in so far as that is possible, and in case of conflict to decide as to the weight to be given the testimony of the various witnesses." Langdon v. Loup River Public Power Dist., 144 Neb. 325, 13 N. W. 2d 168. See, also, Bowers v. Pixley, 111 Neb. 698, 197 N. W. 410; Wahlgren v. Loup River Public Power Dist., 139 Neb. 489, 297 N. W. 833; Arman v Structiform Engineering Co., 147 Neb. 658, 24 N. W. 2d 723.

"Triers of fact have the right to test the credibility of witnesses and to weigh their undisputed parol testimony against the facts and circumstances in evidence from which a conclusion may properly be drawn that the witness was mistaken." Patrick v. Union Central Life Ins. Co., 150 Neb. 201, 33 N. W. 2d 537. See, also, Teresi v. Filley, 146 Neb. 797, 21 N. W. 2d 699.

The jury had the right to cause the amount of the verdict to depend upon the application of either or both of these rules. If it did so, and there is nothing in the record to justify a conclusion that it did not, it cannot be said that the verdict was the result of passion and prejudice.

As has been indicated, the court properly submitted the question of contributory negligence of the plaintiff and the matter and manner of comparison thereof with negligence of the defendant. No complaint is made that any rule of construction or application submitted to the jury was improper.

The rule for guidance in this area is substantially the following: In a case where, under the law and the facts, the submission of the issue of contributory negligence and a comparison thereof with negligence of the opposing party to ascertain what damages, if any, shall be allowed is proper, the determination of the amount of damages is for the jury. See, Wortman v. Zimmer-

man, 119 Neb. 682, 230 N. W. 588; Tempel v. Proffitt, 122 Neb. 249, 240 N. W. 285; Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217.

The size of the verdict may well have been arrived at by a finding of contributory negligence and an application of this rule for comparison. There is nothing in this, if from it the amount of the verdict flowed, which would justify a determination that the verdict was the result of passion and prejudice.

No theory is presented as a basis for a conclusion that the verdict was the result of passion and prejudice other than those inhering in the foregoing discussion. It follows that this assignment may not be sustained.

By the next and last assignment of error to be considered it is contended that there was misconduct of the jury after retirement and submission of the case which requires a reversal of the judgment. Evidence of the alleged misconduct was adduced at the hearing in the district court on the motion for new trial. It appeared in testimony of Dick M. Binder, one of the jurors. The substance of this testimony given in response to questions was that he recalled that Mr. Eddy, another juror, stated that he conducted experiments with his car as to stopping on graveled highways to see "how long—how much distance it took him to stop at a given rate of speed"; that he made a statement as to the distance required but he did not remember what the statement was; that it was made at the table but he did not know if the entire jury heard it or not; that he did not know if the statement was made before or after submission; and that he heard Mr. Crowley, another juror, make a statement in which he said he made experiments at a given rate of speed to see how far it would take him to stop. The witness said that he did not think the statements influenced his verdict.

The rule applicable to situations such as this is as follows: "A juror will not be permitted to state to his fellow jurors, while they are considering their verdict,

facts within his personal knowledge and not given in evidence. If such facts relate to a matter in dispute and influence the jury in arriving at a verdict, it constitutes prejudicial error." Scherz v. Platte Valley Public Power & Irr. Dist., 151 Neb. 415, 37 N. W. 2d 721.

The foregoing makes it clear that the making of statements of fact by jurors which are not in evidence is error and is to be condemned. It also makes it clear that statements so made, to be ground for reversal, must have influenced the jury in arriving at a verdict.

In Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863, a case involving a situation similar to the one being considered here, this court said: "This court has only recently reaffirmed the rule that where a motion for new trial presents a question or questions of fact which are in dispute, the trial court becomes the judge of such questions of fact, and his decision thereon will not be disturbed on appeal unless clearly wrong. * * * We conclude that the trial court did not err in its refusal to grant a new trial for the alleged misconduct of jurors."

In this case, as in that one, the showing as to misconduct is not sufficient to justify a finding by this court that the trial court erred in refusing to grant a new trial on the ground of misconduct of jurors.

Having found no prejudicial error the judgment of the district court should be and it is affirmed.

AFFIRMED.

WENKE, J., participating on briefs.