SIDNEY A. MIDDLE, APPELLEE, v. DAVID A. MOUNT, APPELLANT.

171 N. W. 2d 641

Filed October 24, 1969. No. 37237.

Baylor, Evnen, Baylor, Urbom & Curtiss, for appellant.

Cobb, Swartz & Wieland, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

Smith, J.

A motorcycle that plaintiff was driving north collided with an automobile that defendant was turning from south to east toward defendant's residential driveway. In this personal injury and property damage action the district court granted a new trial after verdict for defendant, and defendant has appealed. In question is a jury instruction on a statutory rule prescribing forfeiture of right-of-way because of speed.

Jury instruction No. 7 which defined the standard of conduct of a reasonable man in recognizing risk, concluded: "The driver of any vehicle traveling at an unlawful rate of speed shall forfeit any right of way which he may otherwise have." It was based on former section 39-751, R. R. S. 1943, which, from 1931 to 1969 with an exception inapplicable here, provided in part: "(1) When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right . . . (2) The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder."

Jury issues were related to lookout and control by each party and to speed of plaintiff. The court also submitted the issue whether defendant had failed to yield the right-of-way but no issue whether plaintiff had failed to do so.

A jury weighing the evidence might reasonably find these facts: The collision occurred at 5 p.m., June 12, 1967, in front of defendant's home at 2440 South Thirty-seventh Street in Lincoln. Defendant had commenced to turn his 1963 Ford station wagon at a speed of 5 miles an hour. He stopped the Ford at a 45° angle 5 feet from the east curb when plaintiff's motorcycle was located some distance away. Speed of the motorcycle before deceleration was at least 35 miles an hour in a zone with a specific maximum limit of 25 miles an hour. The motorcycle left a solid tire mark 39 7/12

feet long and from the north end of the tire mark, gouge marks 12 11/12 feet long. It struck the right front door of the Ford. Damage to the motorcycle totaled $350.54, of which $238.35 represented charges for parts.

The scope of the statutory subsection on forfeiture was considered on motion for rehearing in Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64 (1938). There defendant motorist had struck plaintiff pedestrian in a Lincoln street between intersections. A jury instruction defining the standard of reasonable conduct set out the forfeiture provision. We reversed the judgment for plaintiff, saying: "But this statute can have no application where the accident occurred in the middle of a block as in the case at bar." See, also, § 39-741 (5), (6), and (7), R. R. S. 1943; Hermansen v. Anderson Equipment Co., 174 Neb. 325, 117 N. W. 2d 791 (1962); Nygaard v. Stull, 146 Neb. 736, 21 N. W. 2d 595 (1946); generally, N J I 7.14.

The effect of the error in instruction No. 7 was indirect in view of the issues. The jury probably understood "right of way" to be the privilege of the immediate use of the east traffic lane at the collision scene. The indirect effect was substantial enough to justify the order for a new trial.

AFFIRMED.