HELEN KREMLACEK, APPELLEE AND CROSS-APPELLANT, V. JOHN L. SEDLACEK, APPELLANT AND CROSS-APPELLEE. 209 N. W. 2d 149

Filed July 6, 1973. No. 38790.

Patrick L. Cooney of McCormack, Cooney & Mooney, for appellant.

George O. Kanouff and Curtiss Bromm, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from an order of the District Court granting a new trial in an action for damages sustained in an automobile accident occurring at an open intersection of two country roads, in which the jury returned a verdict for the defendant. The defendant asserts error in the court's determination that the misconduct of a juror in visiting the scene of the accident warranted the granting of a new trial. The plaintiff, riding in a car owned by her and driven by her minor son, cross-appeals asserting error in the instructions and failure to direct a verdict in favor of the plaintiff on the issue of liability. We affirm the judgment and order of the District Court in granting a new trial and find the errors assigned on cross-appeal to be without merit.

A crucial issue in the trial of this open intersection country road case was the location of a row of seven red cedar trees on the south side of the east-west road. The evidence at the trial was to the effect that the row of trees blocked the view for both drivers. A juror's affidavit offered and received in evidence on the motion for new trial recited that another juror had

stated that he had driven out to the scene of the accident during the trial, had observed the scene of the accident, and that in his opinion the trees located near the scene of the accident were *farther back from the corner than the testimony indicated.* The District Court determined that the juror's statement that the trees were farther back from the intersection than the testimony indicated was prejudicial, and required a new trial. A motion for a new trial for alleged juror misconduct is addressed to the sound discretion of the trial court. Huff v. Seipold, 183 Neb. 863, 164 N. W. 2d 916; Klein v. Wilson, 167 Neb. 779, 94 N. W. 2d 672. It is true that a new trial may not be granted for arbitrary, vague, or fanciful reasons. But when the granting of a new trial requires a consideration of conflicting evidence, the findings of the trial court thereon will not ordinarily be disturbed on appeal. Scherz v. Platte Valley Public Power & Irr. Dist., 151 Neb. 415, 37 N. W. 2d 721; De Porte v. State Furniture Co., 129 Neb. 282, 261 N. W. 419. Here, the evidence is amply sufficient to sustain the finding of the trial court that prejudicial error occurred. An unauthorized view or visit by a juror, even though uncommunicated to his fellow jurors, is sufficient to sustain a finding of prejudicial error and warrant the granting of a new trial. Meyer v. Omaha & C. B. St. Ry. Co., 125 Neb. 712, 251 N. W. 841; Kelley v. Adams County, 113 Neb. 377, 203 N. W. 544. See, also, Merritt v. Ash Grove Lime & Portland Cement Co., 136 Neb. 52, 285 N. W. 97.

The defendant attacks the hearsay nature of the affidavit that supported the trial court's finding. We point out that the affidavit in question was not used to prove the truth of the matter asserted by the unnamed juror but only that he did visit the scene of the accident and did make a report upon the visibility of the trees to the jury. See 29 Am. Jur. 2d, Evidence, § 497, p. 555. A trial court has wide discretion in receiving affidavits and in the weight that it gives them, in accordance with

the general rule that affidavits of jurors may be received, for the purpose of voiding a verdict, to show any matter occurring during the trial, or in the jury room, which does not essentially inhere in the verdict itself. Scherz v. Platte Valley Public Power & Irr. Dist., *supra;* De Porte v. State Furniture Co., *supra.* We find no abuse of discretion in the trial court's judgment and determination that error occurred from the report of a juror of an unauthorized visit to the scene of the accident, and the contention of the defendant is without merit.

Since this case must be retried, it becomes necessary for this court to determine the contentions of the plaintiff on cross-appeal. The plaintiff contends that the trial court erred in giving instructions Nos. 14 and 15 which permitted the jury to impute the negligence of the minor son driver, Thomas Mueller, to the plaintiff if it found that they were engaged in a joint enterprise in the operation of the vehicle. The plaintiff is correct in her assertion that the evidence fails to show that she and her son were engaged in a joint enterprise when the accident occurred. To be joint venturers, there must be not only a joint interest in the objects and purposes of the enterprise but also an equal right to direct and control the conduct of each other in the operation of the vehicle. Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466. The evidence was insufficient to sustain the submission of this theory of imputed negligence to the jury. However, the fact that they were not engaged in a joint enterprise is not determinative of the issue of imputed negligence. The plaintiff here was the mother of the child driving the vehicle, who at the time possessed only a learner's permit, which required him to have a licensed driver over the age of 21 at his side when he operated an automobile. Mueller, the son, testified that on the occasion of the accident the plaintiff did not actually direct him how to drive or which direction to go but he stated that if

his mother, the plaintiff, had told him to take another route, he would have complied. Where the owner is a passenger in his own automobile while it is being operated by another, the negligence of the operator is imputable to the owner where the owner assumes to direct or has the power to direct the operation of the automobile and to exercise control over it. This is ordinarily a question for the jury, unless the evidence is so conclusive that the minds of men could not reasonably arrive at any other conclusion. Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274; Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107. It is abundantly clear, considering the age of the driver, his relationship with the owner, the intent and purpose of the requirement that an adult accompany him under a learner's permit, and the actual inferences flowing from the power to control a child's action, that there was sufficient evidence to submit this issue of imputed negligence to the jury.

Finally, the plaintiff contends that she was entitled to a directed verdict on the issue of the liability of the defendant because the vehicle in which she was riding was to the right of the defendant's car as they approached the intersection, and she asserts that the failure of the defendant to see such favored automobile is negligence as a matter of law. Cappel v. Riener, 167 Neb. 375, 93 N. W. 2d 36; Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405; Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596. The difficulty with the plaintiff's argument is that before a verdict can be directed against a motorist for failing to see an approaching vehicle at an unprotected intersection, the position of the approaching vehicle must be *undisputedly* located in a favored position. Whitaker v. Keogh, *supra;* Gorman v. Dalgas, 151 Neb. 1, 36 N. W. 2d 561; Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556. We have reviewed the evidence in the record in this respect and it sustains the trial court's determination of submission of this issue to the jury.

Although there is persuasive evidence on the merits to establish the conclusion that the plaintiff's driver had the right-of-way; that the collision occurred in the center of the intersection; and that the defendant's failure to see was the proximate cause of the accident, there is evidence to support a jury's finding that the defendant was traveling at a lawful rate of speed, and that he entered the intersection far enough in advance of the plaintiff's driver to submit the question of whether Mueller had the right-of-way. As we said in Costanzo v. Trustin Manuf. Corp., *supra*, the true test is whether, considering the elements of speed, lookout, and control, and the particular circumstances of the case, there is imminent danger of collision if the car on the left proceeds into the intersection. The statute contemplates that the driver on the left entering first has the right-of-way when outside the range of "at approximately the same time." There is evidence that would support the finding that the plaintiff's vehicle was not definitely located in the favored position. Consequently the applicable rule is that where a motorist looks and does not see an approaching vehicle, or seeing one, erroneously misjudges its speed and distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury. Costanzo v. Trustin Manuf. Corp., *supra*; Whitaker v. Keogh, *supra*; Ripp v. Riesland, 170 Neb. 631, 104 N. W. 2d 246. Consequently, we determine that there is no merit to this contention on cross-appeal and that this issue should be submitted to the jury on retrial.

The judgment and order of the District Court granting a new trial are affirmed. The contentions of the plaintiff on cross-appeal are without merit.

AFFIRMED.

McCOWN, J., concurring in result.

I do not agree with the holding that where the owner is a passenger in his own automobile while it is being operated by another the negligence of the operator is

imputable to the owner where the owner assumes to direct or has the power to direct the operation of the automobile and to exercise control over it. See my concurring opinion in Weber v. Southwest Nebraska Dairy Suppliers, Inc., 187 Neb. 606, 193 N. W. 2d 274.