JAMES EPPERSON, JR., APPELLANT, v. JOSEPH UTLEY, APPELLEE.

215 N. W. 2d 864

Filed March 7, 1974. No. 39071.

Warren C. Schrempp and Richard J. Dinsmore of Schrempp, Bruckner & Dinsmore, for appellant.

James W. Knowles of Knowles & Edmunds, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-
COWN, NEWTON, and CLINTON, JJ., and FLORY, District
Judge.

WHITE, C. J.

This action arises out of a collision occurring at an
open intersection. On issues of negligence raised by
the plaintiff's petition and contributory negligence raised
in the counterclaim of the defendant, the jury returned
a verdict denying relief to both parties. The plaintiff
appeals. We affirm the judgment of the District Court.

The plaintiff assigns as error: (1) The admission of
the defendant's testimony that he had entered the inter-
section first; (2) the submission of the issue of the
plaintiff's contributory negligence; (3) the submission
of the defendant's counterclaim; and (4) failure to grant
a requested instruction on forfeiture of right-of-way
by unlawful speed.

The plaintiff, James Epperson, Jr., was westbound on
an east-west street and the defendant, Joseph Utley,
was northbound on a north-south street prior to the
collision. The investigating officer testified that the
lawful rate of speed was 25 miles per hour and that
the defendant admitted going approximately 30 miles
per hour at the time of the accident. However, the
officer testified on cross-examination that the defend-
ant stated he was traveling 20 miles per hour. The
plaintiff's vehicle was damaged on the left front side
while the defendant's vehicle was damaged on the right
front side. The investigating officer observed debris
near the northeast quarter of the intersection. The
officer's diagram of the accident showed that the de-
fendant's automobile had crossed the centerline of the
east-west street; that the plaintiff's vehicle had entered
the intersection to a lesser extent; and that the plain-
tiff's vehicle was east of the centerline of the north-
south street. The officer also testified that the de-

fendant's vehicle turned to the west after the impact, traveled 70 feet, and ended up facing southwest.

An eyewitness testified that he was parked ¼ block south of the intersection when he saw the defendant's vehicle coming from the south. He testified it was moving fast, estimating the defendant's speed at 40 to 45 miles per hour at point of impact. The eyewitness testified several times that the point of impact was in the middle of the intersection. On cross-examination, however, he admitted his deposition testimony indicated that the point of impact was in the northeast quadrant of the intersection. The eyewitness stated that after the accident the defendant admitted he was kind of wrong.

The plaintiff testified that his speed as he approached the intersection was 15 to 20 miles per hour and decreasing. The plaintiff stated he made a short stop at the intersection, looked both ways, saw no vehicle coming, proceeded into the intersection, and then looked again. It was at this time that he first observed the defendant's vehicle. He contends both automobiles were in the middle of the intersection. He also stated the defendant admitted he was wrong.

On the southeast corner of the intersection there is an embankment which the defendant contends obstructed the view. This embankment was shown through exhibits. The investigating officer testified that it was part of his duty to make observations as to visibility defects and he observed none.

The defendant testified he had stopped to let several passengers out 1½ blocks south of the collision. He estimated his speed between 25 to 30 miles per hour as he approached the intersection. He looked to the right as he approached the intersection. He first saw the plaintiff's vehicle when it was 5 or 6 feet away. The collision occurred a split second thereafter. The defendant did not apply his brakes. The defendant

testified, over objection, that he had entered the intersection first. At the time of impact, the defendant testified, the front of his vehicle had crossed the center-line of the east-west street, while the front of the plaintiff's vehicle was only about 5 feet west of the east curb of the north-south street.

The plaintiff claims the lower court erred in admitting the defendant's statement regarding who first entered the intersection. Counsel of the defendant asked him:

"Q. Of your knowledge and without any explanation do you know which of these two cars entered the intersection first?

"A. It's a difficult question to answer, but I would say I entered the intersection first."

An objection to the statement as conclusionary was overruled. There was no objection to lack of foundation. We will assume that this is opinion testimony. Discretion is vested in the District Court in the admitting of lay opinion testimony. Foundation for the testimony was ample and it is clear it was rationally based upon the perception of the witness, and could be helpful for a clear understanding by the jury of the facts. Shamburg v. Folkers, 187 Neb. 169, 188 N. W. 2d 723 (1971); Proposed Nebraska Rules of Evidence, Rule 701 (1973). It is true there are previous decisions of this court which indicate that such testimony could be excluded by the trial court without error. Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367 (1950); Shamburg v. Folkers, *supra*. Subtle distinctions between testimony of perceived facts and conclusions are extremely troublesome in this area, and the trial judge's ruling should not be disturbed unless it appears from all the facts that there was an abuse of the discretion and the jury was misled. See 32 C. J. S., Evidence, § 546 (1), p. 111.

The substance of this testimony was clearly not prej-

udicial. The defendant had testified that he saw the plaintiff's vehicle only a fraction of a second prior to impact, and the front of his car had crossed the center-line of the east-west street, while the plaintiff's vehicle was only about 5 or 6 feet into the intersection. The defendant's expression of his conclusion added no weight to the inescapable inference from, and the purpose of, the testimony as to what he observed. There could be no prejudicial error in the admission of this testimony under the circumstances of this case. This contention is without merit.

The plaintiff complains that the trial court erred by (1) submitting the issue of plaintiff's contributory negligence, and (2) submitting the defendant's counterclaim to the jury. Both issues present questions of the plaintiff's negligence. The defendant alleged that the plaintiff was negligent by (1) failing to yield the right-of-way, (2) failing to exercise reasonable control, and (3) failing to keep a proper lookout. The main issue in the case centered around which party had the right-of-way, the plaintiff claiming the directional right-of-way, and the defendant claiming possession of the intersection prior to the rule of "approximately at the same time." Both parties, as we have pointed out, testified to facts which support their respective contentions and there was clearly enough evidence for submission of these issues to the jury. Neither party was undisputedly in the favored position. Kremlacek v. Sedlacek, 190 Neb. 460, 209 N. W. 2d 149 (1973). On the issue of failure to keep a proper lookout, the plaintiff's own testimony showed that he came to a stop prior to entering the intersection, looked both ways, saw nothing, and then proceeded into the intersection. He did not see the defendant's vehicle until just prior to the impact. This testimony was sufficient to establish a jury question as to when he should have seen the defendant's vehicle and whether he failed to see the

defendant's vehicle when it was in plain sight.

The main thrust of the plaintiff's appeal is the contention that the trial court failed to give a requested instruction on forfeiture of right-of-way by unlawful speed. The evidence, as previously summarized, provides conflicting testimony on speed. Historical development of the common law, statutes, and cases relating to the rules of the road in Nebraska and forfeiture of right-of-way by unlawful speed is extremely important to a full consideration of this contention.

The Nebraska common law regulating the right-of-way, in the absence of regulations to the contrary, provided the first to enter upon a crossing had the right-of-way with respect to vehicles approaching a street crossing at intersecting points. Barrett v. Alamito Dairy Co., 105 Neb. 658, 181 N. W. 550 (1921).

In 1927, the Legislature adopted a statute providing: "* * * motor vehicles traveling upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right, and shall have the right of way over those approaching from the left when said vehicles shall reach the intersection at approximately the same time and in all other cases the vehicle reaching said intersection first shall have the right of way." Laws 1927, c. 154, § 1, p. 412. This provision remained in effect, without major changes, until 1969. § 39-728, R. S. Supp., 1969. In 1971, following the accident in this case, section 39-728, R. S. Supp., 1969, was repealed. Laws 1971, L.B. 265, § 11.

In 1931, the Legislature adopted another statute regulating the right-of-way at intersections. Thus, Nebraska had two separate statutory sections regulating right-of-way at intersections from 1931 to 1971. The 1931 statute contained the provision upon which the plaintiff requested an instruction here. The 1931 provision reads: "When two vehicles approach or enter an intersection at approximately the same time, the

driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in Section 18. The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder * * *." Laws 1931, c. 110, § 17, p. 311. This provision also remained in effect, without significant changes, until 1969. § 39-751, R. S. Supp., 1969. Note that the provision regarding forfeiture is modified by the word "hereunder." Nebraska case law interpreting the restriction limits the forfeiture provision to cases involving directional right-of-way. Doan v. Hoppe, 133 Neb. 767, 277 N. W. 64 (1938); Middle v. Mount, 184 Neb. 710, 171 N. W. 2d 641 (1969). Therefore, even if the Nebraska statutes presently retained the forfeiture of right-of-way by unlawful speed provision, which they do not, that provision would be limited to forfeiture of directional right-of-way. Since only the plaintiff, being on the right, could have had the *directional* right-of-way, and he does not claim or argue his own forfeiture, the provision even if unrepealed could have no application to the present case.

The statute adopted in 1931 was derived from the "Uniform Vehicle Code" proposed by the Commissioners on Uniform State Laws in 1926. Uniform Vehicle Code Annotated, § 11-401 (b), Historical Note at pp. 272, 273 (1967). The provision regarding forfeiture of right-of-way by unlawful speed was eliminated from the Uniform Vehicle Code in 1930. Uniform Vehicle Code Annotated, § 11-401 (b), Historical Note at pp. 272, 273 (1967). The Nebraska statute of 1931, however, contained the forfeiture provision. Only 10 states retained such a provision in 1967. Uniform Vehicle Code Annotated, § 11-401 (b), Statutory Annotation at p. 275 (1967).

In 1969, amendments were enacted changing both section 39-728 and section 39-751. The purpose of the 1969

amendment to section 39-751 was to conform the state law relating to vehicle right-of-way with the Uniform Vehicle Code which, as previously noted, had not contained a forfeiture provision since 1930. Hearings by the Public Works Committee, Statement on L.B. 994 (March 7, 1969). The bill originally introduced in 1969 to amend section 39-751, however, retained the forfeiture provision. On the floor of the Legislature an amendment was offered and adopted which eliminated the forfeiture provision. Eightieth Legislative Session, Nebraska State Legislature, General Debate at p. 957 (April 14, 1969). The purpose of the amendment was to conform section 39-751 to the Uniform Vehicle Code and to section 39-728. Thus, Nebraska statutes since 1969 have contained no forfeiture of right-of-way by unlawful speed provision.

The plaintiff argues that the "rule of reason" announced by the cases under the prior forfeiture provision should be retained and even extended to nondirectional right-of-way forfeitures. But, as we have shown, the forfeiture rule is completely derivative from statute and not from decisional law. Even under the statute it was limited to directional right-of-way cases. It is beyond doubt that the Legislature in 1969 expressly excluded the forfeiture provision from the applicable statutes. The intent was clear. The trial court properly refused to instruct on forfeiture of right-of-way by unlawful speed. The inference to the contrary, found in dicta, in Hacker v. Perez, 187 Neb. 485, 192 N. W. 2d 166 (1971), that forfeiture of right-of-way by unlawful speed is "inherent" in other regulations covering right-of-way is expressly disapproved.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.