ALBERT K. SCHMIDT, PERSONAL REPRESENTATIVE OF THE ESTATE OF ETHEL F. SCHMIDT, DECEASED, APPELLEE AND CROSS-APPELLANT, V. CLIFFORD J. SCHMIDT, APPELLANT AND CROSS-APPELLEE.

424 N.W.2d 339

Filed June 10, 1988. No. 86-546.

Paul D. Boeshart of Baskins & Boeshart, for appellant.

John A. Gale of Gale Law Office, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

GITNICK, D.J.

This case commenced as a suit brought by the First National Bank and Trust Company of North Platte, Nebraska, as conservator of Ethel F. Schmidt, plaintiff in the trial court; and upon her death, her son, Albert K. Schmidt, as personal representative of her estate, was substituted as party plaintiff in place of the conservator, to recover for a series of personal checks totaling $35,700, allegedly advanced as loans to Mrs. Schmidt's son, the appellant, Clifford J. Schmidt, defendant in the trial court. The jury found in favor of Clifford Schmidt and therefore concluded that the sums advanced by the decedent to her son were, in effect, gifts and not loans. The district court for McPherson County granted the motion of the plaintiff for a new trial on the ground that "the verdict [was] against the

greater weight of evidence." Clifford Schmidt, as the defendant, appeals from this ruling, and Albert Schmidt, personal representative, as plaintiff, cross-appeals.

We find that the trial court did not err in granting a new trial and affirm that decision for the reason hereinafter stated.

In coming to this conclusion, we reiterate our previous holdings that a motion for new trial is addressed to the discretion of the trial court, and a new trial should only be granted for a legal cause and where it appears that a legal right has been invaded or denied. It may not be granted for arbitrary, vague, or fanciful reasons. A trial judge should not grant a new trial simply because he has reached a different conclusion than did the jury. *Bentz v. Nebraska P.P. Dist.*, 211 Neb. 844, 320 N.W.2d 763 (1982); *Kremlacek v. Sedlacek*, 190 Neb. 460, 209 N.W.2d 149 (1973). Where a party has sustained the burden and expense of trial and has succeeded in securing a verdict of the jury on the facts in issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceeding in which it was secured. A verdict should not be set aside where the evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact. A verdict by a jury based upon conflicting evidence will not be set aside on appeal unless it is clearly wrong. *Otto Farms v. First Nat. Bank of York*, ante p. 287, 422 N.W.2d 331 (1988); *Poppe v. Petersen*, 221 Neb. 877, 381 N.W.2d 534 (1986).

A review of the evidence in this case shows conflicts in the testimony of various witnesses, which the jury resolved in the defendant's favor.

The evidence was that Ethel Schmidt, mother of Clifford Schmidt, had written 14 checks totaling $35,700 to Clifford Schmidt from November 14, 1977, through December 31, 1982. Clifford Schmidt had assisted his mother in writing checks for her signature and paying bills and in attending to her financial affairs over the later years of her life. The testimony of Clifford Schmidt was that the various checks which he received from his mother had been given to him as "[a] gift or to help me out," as he needed financial help from time to time, and that he intended to pay back the sums received if he could. There was no

evidence in the record that the decedent ever treated the checks as a loan. No notation appears on any of the checks that they were either a gift or a loan, except that in the check register, in the notations to check Nos. 108 and 117, pertaining to the 14 checks payable to Clifford Schmidt which are the basis for this action, Clifford Schmidt had written thereon, "loan." He explained that he felt a sense of obligation to repay the amount of the checks if "I ever got to where I could" and apparently for this reason had noted the word "loan" thereon, but this had never been discussed with his mother. While one other check payable to the defendant, check No. 115, also bore the word "loan" in the check register entry pertaining to it, it is not among the checks sued on, as set forth in the amended petition and as detailed on a summary exhibit received in evidence. Other evidence concerning whether the checks sued upon were induced by the undue influence of the defendant over his mother was obviously resolved by the jury in the defendant's favor when it returned its verdict.

The evidence clearly raised issues of fact, and the jury chose to believe the defendant's version of the facts. There is sufficient evidence in the record to support the jury's decision. However, another issue raised in the cross-appeal of the plaintiff requires us to affirm the trial court's decision to grant a new trial and to discuss other issues raised in the plaintiff's cross-appeal.

On the cross-appeal, the plaintiff assigns as error the failure of the trial court to give certain requested instructions, the sustaining of objections to evidence relating to other checks designated as gifts to other family members as being beyond the scope of direct examination of the defendant, and the overruling of objections of plaintiff's counsel to the defendant's testimony as to conversations with his mother on direct examination as the answers constituted hearsay testimony.

We turn first to the requested instructions of plaintiff's counsel and the instructions of the court as given, as the plaintiff contends the trial court did not adequately explain the concept of undue influence, which was an issue in this case. We have carefully examined the instructions as given by the trial court on this issue. Essentially, these instructions have been

extracted from our decision in *McDonald v. McDonald*, 207 Neb. 217, 298 N.W.2d 136 (1980), and, when read as a whole, adequately and fairly present the matters covered in the requested instructions of plaintiff, and plaintiff's contention in this regard is without merit. However, because this matter is being remanded for a new trial, and in order to avoid any further appeal, we point out that the instructions, as given, did not detail the elements necessary to establish a case of undue influence, although neither party's counsel complained thereof. As we have previously said in another decision, the elements necessary to be established to warrant a finding of undue influence are (1) that the person who made the gift was subject to undue influence; (2) that there was opportunity to exercise undue influence; (3) that there was a disposition to exercise undue influence for an improper purpose; and (4) that the result was clearly the effect of such undue influence. See *McDonald v. McDonald, supra*.

We turn next to the plaintiff's assignment of error that the trial court permitted the defendant to testify concerning conversations he had with his mother, which the plaintiff contends constituted inadmissible hearsay. We point out that these conversations were between parties to this litigation, since the defendant's mother was the real party in interest, notwithstanding the suit was originally brought by the plaintiff bank, in a representative capacity as her conservator, which was replaced, upon her death, by her personal representative. Neb. Rev. Stat. § 27-801 (Reissue 1985), insofar as pertinent, states as follows: "(4) A statement is not hearsay if: . . . (b) The statement is offered against a party and is (i) his own statement, in either his individual or a representative capacity . . . ." Furthermore, the answers to which the hearsay objections were made, which were all to the effect that the defendant's mother said that she gave him the checks to help him out of his financial difficulties and that she did not mention that the funds constituted a loan, were not offered to prove the truth of her statements but, rather, to prove the statements were made. As such, we are not concerned about the decedent's intentions but instead how these intentions appeared as constituting one of the elements of a completed gift. While these words may appear to

be hearsay, in fact they constitute a verbal act and are not hearsay. Therefore, the plaintiff's contention in this regard is without merit. Accordingly, the trial court properly admitted this testimony.

Lastly, plaintiff contends that the trial court committed prejudicial error in limiting the scope of the plaintiff's cross-examination of the defendant concerning matters affecting the defendant's credibility. The defendant had previously testified that he had prepared the checks sued upon which bore no notation as to whether they were gifts or loans and also had prepared the two checks that indicated in the check register that they were given as loans. Plaintiff's counsel then, on cross-examination, proceeded to inquire regarding a series of checks prepared by the defendant for his mother, payable to her other children, which bore the notation thereon that those checks were gifts. The court, on objection by defendant's counsel that the checks to her other children had not been discussed in the direct examination, sustained the objection. We opine that while no direct examination had taken place regarding the checks to the decedent's other children, those checks and the notations appearing thereon were clearly relevant as showing the method used by the decedent and by the defendant when the decedent did make a gift to her children, and such testimony was proper as tending to rebut the testimony of the defendant that the checks to him bearing no mention of the word "gift" were nevertheless a gift. As we have previously stated, where testimony is given by a witness on direct examination from which an inference arises favorable to the party producing him, anything within the knowledge of the witness tending to rebut the inference is admissible on cross-examination, and the opposing party is ordinarily entitled to pursue that line of cross-examination. *Andersen v. Blondo Plaza, Inc.*, 186 Neb. 682, 186 N.W.2d 114 (1971). We further determine that such excluded cross-examination constituted prejudicial error, as provided in Neb. Rev. Stat. § 27-103 (Reissue 1985).

We then conclude that the ruling of the trial court granting the plaintiff a new trial was proper, although the assigned reason for such new trial given by the trial court was incorrect.

However, " '[w]here the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, the Supreme Court will affirm' " the decision of the trial court. *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 365, 417 N.W.2d 757, 764 (1988).

Accordingly, we affirm the decision of the trial court in sustaining the plaintiff's motion for new trial.

AFFIRMED.