GEORGE PUPKES, APPELLEE, v. ORAL V. WILSON, DOING BUSINESS AS WILSON BEER DISTRIBUTOR, APPELLANT.

108 N. W. 2d 220

Filed March 24, 1961. No. 34888.

*Chambers, Holland, Dudgeon & Hastings* and *Paul P. Chaney,* for appellant.

*Lester L. Dunn* and *J. H. Dickens,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff sued to recover damages for injuries sustained in an automobile accident. The jury returned a verdict for the plaintiff and defendant has appealed.

The case was first tried in the district court for Lancaster County. A verdict was there directed in favor of the defendant. On appeal the judgment was reversed and the cause remanded for a new trial. Pupkes v. Wilson, 165 Neb. 852, 87 N. W. 2d 556. The plaintiff thereafter dismissed the case without prejudice and filed the present action in the district court for Richardson County.

The evidence adduced by the plaintiff is substantially the same as in the former trial. We held on the former appeal that the trial court was in error in directing a verdict for defendant for the reason that the evidence did not establish that defendant's driver was in a favored position as he approached the intersection. The rule is that where the evidence establishes that one entering an intersection fails to see an approaching vehicle which is favored over him, he is guilty of contributory negligence sufficient to bar a recovery as a matter of law. Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596; Parsons v. Cooperman, 161 Neb. 292, 73 N. W. 2d 235. But where a driver of an automobile entering an intersection looks but fails to see an approaching automobile not shown to be in a favored position, the presumption is that the driver of the approaching automobile will respect his right-of-way, and the question of his contributory negligence in proceeding to cross the intersection is a jury question. Kohl v. Unkel, 163 Neb. 257, 79 N.

W. 2d 405. Since the evidence does not show that defendant's vehicle was in a favored position when plaintiff entered the intersection, the question of plaintiff's negligence in entering the intersection was for the jury. The evidence in this case on that issue is the same as in the former case and requires the same result. The trial court did not err in refusing to direct a verdict.

The evidence shows that on April 19, 1955, the plaintiff, at about 6:15 p.m., approached the intersection of Preston Road and State Highway No. 4 from the north. Plaintiff testified that he stopped at the stop sign on Preston Road and looked both ways before entering the intersection. The stop sign was 39 feet from the north edge of the pavement, although the plaintiff testified that it was from 15 to 20 feet therefrom. Plaintiff testified that he looked both ways and saw no traffic. His wife testified that she also looked both ways and told the plaintiff that the road was clear. Plaintiff proceeded across the intersection at a speed of 10 miles an hour or less, without looking again for approaching traffic on State Highway No. 4. When the rear end of his automobile was in the center of the intersection and its front wheels were off the pavement on the south, plaintiff's car was struck on the left rear end by defendant's truck approaching from the east. The evidence shows that the truck was traveling at about 55 miles an hour at a point one-half mile east of the intersection. There is evidence in the record that the speed of the truck was in excess of 50 miles an hour immediately prior to the accident. A witness testified that the truck driver told him he saw plaintiff's automobile approach the intersection as he was coming over the hill, which is 722 feet east of the intersection, that he thought plaintiff was going to make a right turn to go into Falls City, and that he started to pass plaintiff to his left, but when plaintiff proceeded south and did not turn right, the truck driver tried to get back on

his own side of the road to avoid a collision with plaintiff's automobile but could not make it.

The truck driver testified that when he was about 150 feet east of the intersection he saw plaintiff's car approaching the intersection from the north. He assumed plaintiff would stop at the edge of the pavement, and when he did not, the truck driver applied his brakes. He stated he was traveling about 50 miles an hour. He testified that he did not observe whether or not plaintiff stopped. The truck driver testified that his truck was about 4 feet to the left of the center line of State Highway No. 4 when he applied his brakes and also when his truck collided with plaintiff's automobile. He denied he made the statement that he assumed the plaintiff would turn right into Falls City, and that when plaintiff continued south across the pavement, he, the truck driver, was unable to get back on his side of the road.

Under the evidence before us the questions of negligence and contributory negligence were for the jury. The mere happening of an accident does not establish negligence. The failure of the plaintiff to maintain a continuous lookout is not such evidence of negligence as would bar a recovery unless it be conclusively shown that the truck was in the area of danger, and thus had the right-of-way over one entering the intersection from a nonfavored road. Whether or not defendant's truck was within the limit of danger when plaintiff entered the intersection is a matter on which the evidence is in conflict, and consequently, was for the jury to determine. Whether one failed to look or looked and failed to see a vehicle when it was within the limit of danger is a question for the jury, except in those cases where the evidence is so conclusive that the approaching vehicle was within the limit of danger that reasonable minds could not differ thereon.

The driver of a vehicle is not required to notice every car that happens actually to be within his range of

vision, but only those within that radius which denotes the limit of danger. Before a verdict can be properly directed in such a case the position of the oncoming vehicle must be definitely located in a favored position, that is, that it was within that radius which denotes the limit of danger, otherwise the question becomes one for the jury. Whitaker v. Keogh, *supra*.

The defendant relies on Nichols v. McArdle, 170 Neb. 382, 102 N. W. 2d 848. It is clearly distinguishable. In that case eyewitnesses testified that plaintiff's intestate was within that radius which denotes the limit of danger and that defendant slowed down and then "spurted out" into the path of the deceased's car. Defendant testified that he stopped at the stop sign but had no memory as to what happened from that time on. It is clear in that case that defendant did not look, or if he had looked he did not see the deceased's automobile which was within the limit of danger. There was no conflict in the evidence on those facts. The defendant was guilty of negligence sufficient to defeat a recovery by him as a matter of law, or, as the trial court determined in that case, the plaintiff was entitled to a judgment as a matter of law.

The defendant contends that the trial court erred in submitting to the jury the question of speed when there was no evidence to support it. The instruction stated in part: "In driving said truck at high and dangerous rate of speed and at a rate of speed greater than reasonable and proper, having regard for traffic and condition of road, and at a rate of speed so as to endanger life and limb of plaintiff, and at a speed in excess of 60 miles per hour." The evidence shows that the truck driver applied his brakes and made tire marks on the pavement for a distance of 112 feet east of the point of impact. The truck skidded an additional 114 feet beyond the point of impact. The truck driver testified that he was driving at 50 miles per hour. We think there is sufficient evidence of speed to submit that issue

to the jury. Whether the defendant was driving at a speed greater than was reasonable and proper under the circumstances was an issue under the pleadings and the evidence adduced.

Defendant also contends that the trial court erred in giving instruction No. 8 which provided: "Motorists should keep to their side of the road at all times, except when passing a car, and then keep vehicle under reasonable control so as to avoid collision with another car or traffic, and in this regard should not pass another vehicle as it is crossing an intersection, but should keep to its own side of the highway, and failure to do what an ordinarily prudent person would do, under like conditions and circumstances, may be evidence of negligence on his part." While it would have been better to have left out the clause relating to the passing of another vehicle at an intersection, we fail to see how it could be prejudicially erroneous. The facts were such that the jury could not have been misled by the questioned part of the instruction.

We think that the issues were for the jury and that the instructions fairly stated the law applicable thereto. The judgment of the district court is affirmed.

AFFIRMED.

WENKE, J., not participating.