VIRGIL HERMANSEN, APPELLEE AND CROSS-APPELLANT, V. THE ANDERSON EQUIPMENT COMPANY ET AL., APPELLEES AND CROSS-APPELLEES, IMPLEADED WITH WINSLOW O. TILFORD, APPELLANT AND CROSS-APPELLEE.

117 N. W. 2d 791

Filed November 9, 1962. No. 35273.

McGinley, Lane, Mueller & Shanahan, for appellant.

Roy E. Blixt and Baylor, Evnen, Baylor & Urbom, for appellee Hermansen.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

Simmons, C. J.

This action is one for personal injuries and property damages arising as a result of an automobile and light truck collision within the city limits of Arnold and to the north of the paved portion of the east and west state highway. It happened about 4 p.m. on November 26, 1959. No unfavorable weather conditions are shown.

There were originally three defendants. The Anderson Equipment Company was dismissed from the action and its counterclaim put over for a trial to a succeeding jury. The action proceeded against Winslow O. Tilford, driver of the car, and Arnold Swanson Co., his employer. The defendant Tilford, hereinafter called the defendant, also cross-petitioned for damages. The jury found for the plaintiff on both plaintiff's claim and the defendant's claim. On motion for judgment notwithstanding the verdict, the judgment for the plaintiff was set aside on the ground that plaintiff was guilty of contributory negligence as a matter of law barring recovery. The trial court sustained the verdict insofar as the judgment in favor of plaintiff on defendant's cross-petition is concerned.

Defendant Tilford appeals and plaintiff cross-appeals.

We affirm the judgment of the trial court in denying a new trial to Tilford. We reverse the judgment of the trial court in setting aside the jury's verdict in favor of plaintiff and against the defendants and direct that judgment be granted the plaintiff on the jury's verdict.

We state the evidence in the light of the rule that: "The credibility of witnesses and the weight of evidence are, in an action at law, for the jury and its verdict may not be disturbed by this court unless it is clearly wrong as a matter of law. * * * Disputed questions of fact in an action at law are by the verdict of the jury resolved in favor of the prevailing party and in deciding an appeal in the cause the evidence and reasonable inferences therefrom are required to be considered most favor-

ably to him." Pueppka v. Iowa Mutual Ins. Co., 165 Neb. 781, 87 N. W. 2d 410.

The location of the accident was about 100 feet west of a filling station which was within the city limits and on the north side of a paved through state highway. The station had a gravel driveway to its pumps which lead from the highway. To the west of the station building and pumps was a graveled storage lot used by customers of the station. The lot and pump area was covered with gravel and connected with the highway to the south. Some loose gravel had gotten on the paved highway surface. To the east, a few hundred feet, was a hill so that the pavement sloped slightly to the west toward the station.

The movement of plaintiff's truck is not in dispute. He was driving from the west toward the east at a speed of 10 to 15 miles per hour and intended to go to the filling station to have a tire repaired. When west of the station, he looked to the west and east and saw no cars approaching. He gave no signal of an intent to turn. He turned left across the westbound lane of travel. He then saw defendant's car about 100 feet to the east and directly opposite the filling station pumps. His car was partly off the paved portion of the highway at that time. He proceeded northeast. Plaintiff testified that defendant's car came off the pavement and into the right side of his truck. The rear end of the truck was then about 14 feet north of the north edge of the pavement. The jury evidently accepted plaintiff's version of the accident.

Defendant asks us to apply the turning at a nonintersection rule which we said in Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355, was a movement "fraught with danger" and required a degree of care commensurate with the danger. Plaintiff was here moving across the westbound lane in what was more nearly an intersection turn. But plaintiff's failure to give any signal of an intent to turn was in violation of section 39-7,115,

R. R. S. 1943, and was in itself evidence of negligence. We stated in Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531: "This court has held many times that the violation of a statute or an ordinance regulating traffic does not constitute negligence as a matter of law but is evidence of negligence to be considered by the jury in connection with other circumstances in evidence. * * * *."

The timing of the movement of defendant's car and the movement itself is not at all clear or certain in the evidence.

Defendant Tilford testified that he approached the city limits at a speed of 60 miles per hour. The witness riding with him fixed it at 45 to 50 miles per hour. Defendant testified that he was going 30 to 35 miles per hour when he passed the filling station and was about 100 feet from plaintiff when he began his turn; that he then put on his brakes but the loose gravel prevented their operation and that he then accelerated his power drive to the limit and turned to the right as much as possible; pivoted on his right wheel; and in that way he hoped to miss hitting plaintiff. Defendant, apparently, wanted the jury to believe that he made this maneuver in 50 to 60 feet and had succeeded at it when plaintiff ran into him. Defendant testified that "40 or 50 feet before we would have passed him," plaintiff made a left turn "right in front of us"; that he then put on the brakes; and that he then accelerated his car and made the turn to the right. This evidence is in direct conflict with the testimony of the deputy sheriff as to skid marks and their length.

Defendant's witness, who was riding with him, testified that the abrupt turn of plaintiff was made less than 100 feet ahead of them. The witness then testified that defendant had applied the brakes *before* plaintiff made his left turn and that their intention was to stop in Arnold.

There is shown no speed limit by ordinance in Arnold.

Section 39-7,108, R. R. S. 1943, fixes the speed limit at 25 miles per hour under those circumstances. This is evidence of negligence sufficient to take the issue to the jury.

Defendant contends that plaintiff should have seen his car approaching and was required to notice his approach. We held in Pupkes v. Wilson, 172 Neb. 15, 108 N. W. 2d 220, that: "Whether one failed to look or looked and failed to see a vehicle when it was within the limit of danger is a question for the jury, except in those cases where the evidence is so conclusive that the approaching vehicle was within the limit of danger that reasonable minds could not differ thereon. * * * The driver of a vehicle is not required to notice every car that happens actually to be within his range of vision, but only those within that radius which denotes the limit of danger. Before a verdict can be properly directed in such a case the position of the oncoming vehicle must be definitely located in a favored position, that is, that it was within that radius which denotes the limit of danger, otherwise the question becomes one for the jury."

Just when defendant reached the point where plaintiff was obligated to see him as "within that radius which denotes the limit of danger" is not at all certain in this record. On that issue, we have the directly opposite testimony of the plaintiff that when he started to turn, he looked and did not see the defendant. We have the conflicting statement of defendant and his own witness as to the location of plaintiff when defendant began to make the right turn and plaintiff made his left turn.

The city limits were about 600 feet east of the point of the accident. At that time, defendant's speed could have been found by the jury to be 60 miles per hour and that it was 30 to 35 miles per hour when defendant was 100 feet or less from the collision. All of this and other

testimony presented a question of negligence sufficient to take that issue to the jury.

In Palmer v. McDonald, 171 Neb. 727, 107 N. W. 2d 655, we held: "The rule with reference to cause which will afford the basis for an action for damages for negligence is that the act must be a proximate cause of the accident and the ensuing injuries."

Both plaintiff's cause of action and defendant's cause on the counterclaim, and the issue of contributory negligence, depend upon the question of proximate cause.

We have defined proximate cause over the years as follows: "Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred." Edmunds v. Ripley, 172 Neb. 797, 112 N. W. 2d 385. See, also, Jarosh v. Van Meter, *supra.*

In Cover v. Platte Valley Public Power & Irr. Dist., 173 Neb. 751, 115 N. W. 2d 133, in shorter and for that reason better language, we stated: "A proximate cause is a cause without which the injury would not have occurred."

This brings us to the crucial question of whose negligence could be found to be the proximate cause of this accident?

The jury could have found that at the time of the collision, the plaintiff's truck had completed its left-hand turn and was on the graveled apron leading to the storage lot. At that time, he was where he had a perfect right to be. At that time, the paved portion of the highway and 14 feet of graveled apron were open for travel by defendant. Plaintiff's evidence and pictures of his wrecked truck were to the effect that defendant ran into the right side of plaintiff's truck.

Defendant's testimony was that before the collision he had made the rather unusual maneuver of executing a U-turn at a high rate of speed which we have attempted

to describe. He wanted the jury to believe that he had succeeded at it and was headed north when plaintiff ran into his car. Pictures were taken of defendant's car, but were not produced at the trial.

On defendant's version of the event, he turned his car off the paved portion of the highway onto the graveled approach to the storage lot. Gravel on the pavement did not prevent his use of his brakes after he left the pavement for the last half of his trip, as evidenced by skid marks. On the contrary, he testified that he saw he "wasn't going to be able to stop in time to avoid a head-on collision, so I hit the accelerator, pushed it clear to the floorboard, with the wheel turned to the right as hard as I could. * * * and I tried to turn the car around to get away from him." In doing so defendant, if believed by the jury, put his car at a high rate of speed directly in the path of plaintiff's truck. But the jury did not accept that version of what happened.

The deputy sheriff's testimony was that the skid marks showed defendant's movement to be a curve to the right, about the first half on the pavement, the last half off the pavement, leading directly to the side of plaintiff's truck, and skid marks of plaintiff's truck pushed sidewise. He was corroborated generally by another witness and the picture of plaintiff's truck. Not to be overlooked here is the testimony of defendant's witness that defendant intended to stop in Arnold anyway and put on his brakes before plaintiff made his left turn.

The jury also could have found that the defendant was heading for the storage lot with his car out of control because of speed and was unable to stop in the 82 feet after he applied his brakes. The deputy sheriff who was at the scene of the accident measured skid marks 82 feet long beginning just west of the filling station. Defendant's witness put the "acceleration marks" at 35 to 40 feet and that before that the skid

marks were "something less than 60 or 65 feet." The skid marks and plaintiff's testimony are in direct conflict with defendant's testimony of distance and abrupt right-hand turn and being run into by plaintiff. The jury's verdict on that issue of fact must be accepted.

The jury could have found that the defendant was driving at an unlawful and excessive rate of speed. He testified to such a rate of speed. The evidence, likewise, presented an issue as to whether or not defendant was driving at a speed that permitted him to control his car. The defendant's evidence also presented a question as to whether or not he was maintaining a proper lookout.

On this evidence, we hold that the trial court erred in setting aside that part of the verdict and judgment awarding plaintiff damages from the defendant Tilford and his employer Arnold Swanson Co. The trial court did not err in sustaining the verdict denying defendant damages against the plaintiff.

The term point of impact is used throughout this testimony by the parties and their counsel. It was used by the sheriff at least three times with reference to the general course of the skid marks. The officer described the location of debris on the ground and the skid marks. Without objection, he testified that it was "plainly marked on the gravel where the point of impact was." He was then asked and testified to distances and measurements he made from three markers to the "point of impact." There was no objection. He was then asked what the point indicated at which the three measurements came together. Over objection that it was an invasion of the province of the jury, he testified that "it indicated the point of impact." It could hardly do anything else for it was already in evidence, without objection, that the three measurements terminated at the "point of impact." We find no prejudicial error in permitting the witness to state what he had previously

334

stated, without objection, was the "point of impact." We find no evidence to the contrary.

Defendant had nine assignments of error directed at the instructions. He submits them all together contending that there was no proof to support any of the allegations of negligence made against him and in submitting plaintiff's cause to the jury. These assignments all go to matters of the record where the jury found against him. We have in effect ruled on all of the propositions contained in them and in the brief argument defendant makes to support his assignments. We see no reason to do more.

We hold that the trial court did not err in denying defendant a new trial on his counterclaim. That part of the trial court's judgment is affirmed.

That part of the judgment setting aside the verdict of the jury is reversed, and the cause is remanded with directions to grant plaintiff a judgment against the defendants based on the jury's verdict.

All costs in this court are taxed to the defendant Tilford.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.