HENRY HELLMEIER, APPELLEE, v. LLOYD J. POLICKY, APPELLANT.

132 N. W. 2d 760

Filed January 15, 1965. No. 35800.

John E. Dougherty, for appellant.

Robert T. Cattle, Jr., for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and POLLOCK and SIDNER, District Judges.

CARTER, J.

This is an action for damages for personal injuries sustained in a collision of plaintiff's pickup truck and defendant's automobile. The jury returned a verdict for the plaintiff in the amount of $2,500 and defendant has appealed.

The accident occurred at the intersection of Sixth and Moffitt Streets in the city of Seward, Nebraska, on Jan-

uary 11, 1962, at about 4:45 p.m. There were a few icy spots on the streets involved, but their condition was otherwise good. Sixth Street runs north and south and was protected by stop signs. Moffitt Street runs east and west and was not a protected street. Visibility was good in all directions from the intersection.

The evidence shows that Lloyd Moyer, a police officer, was driving west on Hillcrest Street, a street a few blocks north of Moffitt Street, at about 4:45 p.m. on the day of the accident. As he approached Sixth Street and was slowing down for the stop sign at the intersection, he saw defendant going south in his automobile at a high rate of speed. He gave pursuit and clocked the speed of defendant's automobile at 70 miles per hour. When he was within a half block of defendant's automobile he saw what he described as a cloud of smoke in the intersection of Sixth and Moffitt Streets. He brought his car to a stop at the intersection and found that a collision had occurred in the intersection between defendant's speeding automobile and plaintiff's pickup truck. Defendant was accompanied by Dennis and Duane Otte. Plaintiff was accompanied by John Richmond. The police officer found a bottle of whiskey, three-fourths empty, in defendant's automobile and smelled the odor of liquor in defendant's automobile and on the persons of the three occupants. He also smelled the odor of liquor on the plaintiff.

The plaintiff testified that he left his work at 4 p.m., stopped for one glass of beer, and was on his way home when the accident happened. He approached Sixth Street from the west on Moffitt Street, stopped at the stop sign, looked both ways, proceeded to the curb line of Sixth Street where he looked both ways without stopping, and proceeded into the center of the intersection where he was hit by defendant's automobile. He said he did not see the car until the time of impact. He sold his damaged pickup truck for $65. He fixed its value before the accident at $350 to $400. His hospital bill was

$303.85 and his doctor's bill was $78. Plaintiff was a cement finisher by trade, earning $80 to $90 a week in the summer months and half that amount in the winter months. He suffered three and possibly four broken ribs and other superficial injuries. He was in a hospital for 8 days and it was 4 weeks before he was able to work. He was afflicted with arthritis before the accident, which became worse afterwards, but does not attribute its acceleration to the accident.

Plaintiff's evidence is not disputed, the defendant offering no evidence other than some pictures of plaintiff's truck, the intersecting streets, and the intersection. It was stipulated that the speed limit on Sixth Street was 30 miles per hour. Defendant contends that the trial court erred in not sustaining his motions for a directed verdict and his motion for judgment notwithstanding the verdict.

In the consideration of the foregoing assignment of error we point out that there is no evidence in the record that plaintiff's automobile was in the area of danger when plaintiff entered the intersection. The applicable rule is: "Whether one failed to look or looked and failed to see a vehicle when it was within the limit of danger is a question for the jury, except in those cases where the evidence is so conclusive that the approaching vehicle was within the limit of danger that reasonable minds could not differ thereon. * * * The driver of a vehicle is not required to notice every car that happens actually to be within his range of vision, but only those within that radius which denotes the limit of danger. Before a verdict can be properly directed in such a case the position of the oncoming vehicle must be definitely located in a favored position, that is, that it was within that radius which denotes the limit of danger, otherwise the question becomes one for the jury." Pupkes v. Wilson, 172 Neb. 15, 108 N. W. 2d 220. See, also, Hermansen v. Anderson Equipment Co., 174 Neb. 325, 117 N. W. 2d 791. Under the foregoing

rule the trial court did not err in overruling defendant's motions for a directed verdict and his motion for judgment notwithstanding the verdict.

Defendant assigns as error the giving of instruction No. 1 in that it includes as one of plaintiff's allegations of negligence that defendant did not grant the right-of-way to the plaintiff. The evidence is undisputed that defendant was driving his automobile at 70 miles per hour in a 30-mile-per-hour zone as he approached the intersection. He made little or no effort to reduce his speed. Under these circumstances the jury could find that plaintiff had the right-of-way over the defendant and that the latter had forfeited any right-of-way he may have had by traveling on a favored street. It was not error to submit the failure of defendant to grant the right-of-way to plaintiff as an allegation of negligence to be determined by the jury.

Defendant objects to instruction No. 4 in that it permits plaintiff to recover all damages he sustained "without any formulate or instruction" on hospital bills, medical bills, pain and suffering, and time lost. With reference to the hospital bill for $303.85, defendant's counsel, before a proper foundation was laid, said: "Offer it. There's no question about that." Defendant is in no position to question the propriety of its admission. Dr. R. Paul Hoff, the attending physician, testified to the reasonableness and correctness of the hospital and medical bills. They were properly admitted. Under the facts in this case the trial court properly instructed on the measure of damage to plaintiff's pickup. As to time lost, plaintiff testified as to the rate of pay of a cement finisher and stated he lost 4 weeks time because of injuries sustained in the accident. The court properly withdrew from the jury any damages resulting from plaintiff's arthritis and heart condition. With reference to pain and suffering, the court instructed that this was a matter for the jury, based upon all the facts in evidence. All the evidence of damage, the jury was told,

was to be considered in connection with the comparative negligence instruction. Instruction No. 4 is consistent with the holdings of this court and contains no error prejudicial to the defendant.

Defendant assigns as error the giving of instruction No. 12 dealing with motorists entering favored streets from nonfavored streets. Defendant concedes that the instruction is an accurate statement of the law but asserts that it has no application to the present case. The instruction is applicable to the facts in the instant case and correctly concludes "and it is for you to determine, under all the circumstances involved, whether or not he was negligent in this regard." The instruction contains no error.

The defendant complains of instruction No. 5 which in part states: "If the evidence is equally balanced on this defense, or if the greater weight of the evidence thereon is in favor of plaintiff, you cannot find plaintiff guilty of contributory negligence." He contends the instruction has the effect of a directed verdict for the plaintiff. All that the instruction states is that if the evidence on contributory negligence is evenly balanced or preponderates in favor of the plaintiff, the jury should find for the plaintiff on this issue. The language of the instruction is equivalent to that usually employed. Exactness of statement is not required if the substance is correct as it is in this instruction.

We find no error prejudicial to the defendant in the record. The case was fully and fairly submitted to the jury, and its verdict should not be disturbed.

AFFIRMED.