WILLIAM H. MITCHELL, APPELLANT, V. DONALD G. KESTING AND VRANA PAVING CO., A NEBRASKA CORPORATION, APPELLEES.

378 N.W.2d 188

Filed December 20, 1985. No. 84-579.

John J. Hanley, for appellant.

Dean F. Suing and Mark S. Dickhute of Katskee & Henatsch, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is a case of personal injury arising from an automobile accident which occurred on May 14, 1981. At approximately 6:50 that morning plaintiff, William H. Mitchell, was proceeding northbound on 79th Street in Omaha, Nebraska, in his 1973 Plymouth automobile. Defendant Donald G. Kesting was driving a pickup truck of his employer, Vrana Paving Co., in the course of his employment, southbound on 79th Street. The vehicles were involved in a collision at the intersection of 79th and Lake Streets. Plaintiff suffered injuries and sued defendants in the district court for Douglas County. The case was tried to a jury in May of 1984. At the close of plaintiff's case the trial court sustained the motion for directed verdict in favor of defendants and dismissed plaintiff's suit. Plaintiff's motion for a new trial was overruled, and this appeal followed.

Plaintiff assigns as error the trial court's sustaining of defendants' motion for directed verdict and dismissing plaintiff's case. We find that the trial court acted properly, and we affirm.

On the morning of the accident Mitchell entered the intersection of 79th and Lake Streets in preparation for making a left-hand turn. He testified at trial that he had his left turn signal on and that he looked to the north and did not see any approaching cars. He also testified that he did not remember whether he saw any approaching cars when he looked to the north. Mitchell described the accident as an explosion and stated that he did not remember whether he had started his left turn when he felt the explosion. He testified further that only an instantaneous period of time elapsed from the moment he entered the intersection until he felt the explosion.

The following two statutes are applicable to the facts of this case. Neb. Rev. Stat. § 39-652 (Reissue 1984) provides in part: "(1) No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in sections 39-653 and 39-654." Neb. Rev. Stat. § 39-636 (Reissue 1984) provides:

> The driver of a vehicle who intends to turn to the left within an intersection or into an alley, private road, or

driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or approaching so close as to constitute an immediate hazard.

Plaintiff argues that this case should have been allowed to go to the jury. In support of his position is a rule that applies where there is evidence showing that one vehicle was not in a favored position. "[T]he applicable rule is that where a motorist looks and does not see an approaching vehicle, or seeing one, erroneously misjudges its speed and distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury." *Kremlacek v. Sedlacek*, 190 Neb. 460, 465, 209 N.W.2d 149, 154 (1973). "Generally, the failure to see an approaching vehicle is not negligence as a matter of law unless the vehicle is undisputably located in a favored position." *Treffer v. Seevers*, 195 Neb. 114, 118, 237 N.W.2d 114, 117 (1975). However, "*it is established law* that a driver who fails to see another who is favored over him is guilty of negligence as a matter of law." (Emphasis supplied.) *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 408, 308 N.W.2d 503, 510 (1981).

The question which had to be decided by the trial court was whether there was evidence that Kesting's vehicle was not located in a favored position. In reviewing an order sustaining a motion for a directed verdict, "all controverted facts and all inferences arising from the evidence shall be construed most strictly against the moving party and in favor of the party against whom the verdict was granted." *Otto v. Hongsermeier Farms*, 217 Neb. 45, 49, 348 N.W.2d 422, 425 (1984).

In a recent case involving a left-hand turn onto Lake Street in Omaha, we found that the evidence, viewed in the light most favorable to the defendants, indicated that the plaintiff was not indisputably in a favored position. In that case there was direct testimony that the traffic light had turned red prior to the defendant's left turn. *Eden v. Spaulding*, 218 Neb. 799, 359 N.W.2d 758 (1984).

In the instant case there is absolutely no evidence disputing the fact that Kesting's vehicle was in a favored position. Mitchell attempted to cast doubt on the location of Kesting's

vehicle prior to the collision, but the testimony of his witnesses failed to accomplish this. Maria Szablowski, the driver of the vehicle behind Mitchell's that morning, testified that the impact occurred in the middle of the street. Her testimony concerning which way Mitchell's car was facing before the impact was conflicting and not persuasive. The police officer who investigated the accident testified that the skid marks he observed were made by Kesting's truck and were right down the middle of the street. He testified further that the debris which indicates the point of impact was in the southbound lane. Finally, Mitchell's expert reconstruction witness testified that the impact occurred in the southbound lane, near the center of the intersection.

Even construing the facts strictly against Kesting, no evidence was presented to show that his vehicle was not in a favored position over Mitchell's vehicle. If we believe Mitchell's testimony that the impact was almost instantaneous as he prepared to make his left-hand turn, reasonable minds could not differ in finding that Kesting's truck was in a position to be seen by Mitchell had he not been negligent.

> He is not absolved from liability by a failure to see what he could have seen by the exercise of due diligence, but is chargeable with seeing what he should have seen. He is also chargeable with seeing that which is apparent or in plain view, with seeing that which he could have seen had he looked, and with knowledge of all that a prudent and vigilant operator would have seen. His failure to see that which he should have seen constitutes as much negligence as though he had not looked at all . . . .

60A C.J.S. *Motor Vehicles* § 284(3) at 158-60 (1969). The intersection where the collision occurred was virtually unobstructed, in that there was an absence of any curves or hills. The weather was clear and sunny at the time of the collision.

There is little doubt that the evidence in the record establishes negligence on the part of the plaintiff or that reasonable minds would have found otherwise. We conclude that the trial court had no alternative, under the facts before it, but to direct a verdict in favor of defendants.

AFFIRMED.

GRANT, J., dissenting.

I respectfully dissent because I believe the questions of defendant's negligence and plaintiff's contributory negligence should have been submitted to the jury. Construing the evidence most favorably to plaintiff, it shows that the defendant Kesting was driving down a 25-foot-wide residential street with a speed limit of 25 miles per hour. Defendant was approaching the intersection of that street with another residential street at a speed of at least 45.5 miles per hour. This speed was calculated by the plaintiff's expert witness and was based primarily on the fact that plaintiff was proceeding north and turning west when his car was struck by the defendant's vehicle, proceeding south, with enough force to drive the plaintiff's vehicle 55 feet back south and to allow the defendant's truck to go through the collision point and end up at the southwest corner of the intersection. The fair inference to be drawn is that the defendant's vehicle was proceeding at high speed.

The evidence shows that plaintiff did not see the defendant's pickup truck. This would mean that plaintiff was negligent. It should be noted, however, that the driver behind plaintiff saw the impact and did not see defendant's vehicle either.

I believe, in this posture of the case, the jury should have determined the comparative negligence of the two drivers. In view of the inference that could be drawn from the evidence that the defendant's vehicle was proceeding at a rate of speed approximately twice the speed limit allowable, it should be a jury question to determine whether plaintiff's failure to see defendant was more than slight when compared to defendant's illegal speed in a residential area.

I think this case should be one of those "usually . . . for the jury" as set out in *Kremlacek v. Sedlacek*, 190 Neb. 460, 465, 209 N.W.2d 149, 154 (1973), quoted in the majority opinion. It would certainly be a jury question if the defendant was driving 100 miles per hour down this narrow street. Defendant's speed of approximately twice the speed limit is a matter of degree of his negligence. I think we should give no legal approbation to such speeds. I believe the matter should have been left to the jury to decide.

KRIVOSHA, C.J., joins in this dissent.