FLOYD R. GILBERT, APPELLANT, V. ARCHBISHOP BERGAN MERCY HOSPITAL, APPELLEE.

421 N.W.2d 760

Filed April 8, 1988.   No. 86-091.

Ronald J. Palagi, Joseph B. Muller, and Martin Spellman, for appellant.

John R. Douglas of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Plaintiff, Floyd R. Gilbert, has appealed a jury verdict in favor of the defendant, Archbishop Bergan Mercy Hospital, in his medical malpractice lawsuit. The plaintiff assigns as errors the giving by the trial court of only a statutory instruction on the standard of care without additional explanatory instructions and the submitting of instruction No. 9, which "commented on expert testimony, and informed the jury to disregard such testimony." We affirm.

The general rule which is applicable in this case is that all instructions must be read together, and if they taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. *Bergman v. Anderson*, 226 Neb. 333, 411 N.W.2d 336 (1987).

On July 6, 1979, plaintiff underwent a lumbar laminectomy at the defendant hospital. The surgery was performed by Dr. Joseph F. Gross. Under the usual practice before an operation, anesthesiologist Dr. Thomas E. Spoonhour positions and pads the patient's arms and hands, although he had no recollection of this special case. A nurse anesthetist, Mary Ann Reinhart, assisted and monitored the plaintiff's condition at 5-minute intervals throughout the surgery, checking for slippage of pads. The ulnar nerves were checked every 30 minutes.

At 11 a.m., the plaintiff was returned to his hospital room, where he suffered extreme pain, back spasms, and tingling in his arms and hands. The nurses on staff were informed of plaintiff's complaints by members of his family. An entry in the nurses' notes, dated July 7 at 5:30 a.m., reflects the complaints. Elbow pads were ordered at 8 a.m. on July 8, and given at 3 p.m. that day. Testimony also showed that both Nurse Reinhart and Dr. Spoonhour knew that a failure to pad and position a

patient could result in ulnar nerve pressure and damage, but no abnormalities in procedure were noted.

Gilbert developed ulnar nerve damage which resulted in his inability to use the last two fingers on each hand and left his hands in a claw-like deformed position. Plaintiff's petition alleged that the hospital staff was negligent in failing to properly protect and monitor his elbows during surgery and in failing to give proper postoperative care. Testimony was adduced by the plaintiff's experts that the standard of care had not been met.

Neurologist Dr. Alfredo Socarras testified that the standard of care was not complied with, feeling that there was a failure at the time of the procedure that caused the disability. Anesthesiologist Dr. Robert Goolsbee stated that he believed the plaintiff did not receive proper care and that the injury was preventable.

Orthopedic surgeon Dr. Larry Glaser admitted that ulnar nerves can be injured by aggravation or agitation of the nerve being stretched over the bony portion of the ulnar notch, even though proper padding is used.

Experts, neurologist Dr. John Goldner and Dr. Glaser, opined that the standard of care was satisfied by the nursing staff. Dr. Goldner felt that the plaintiff's injuries were caused by internal pressure and his prior arthritic condition.

The jury was instructed on the medical standard of care for negligence, without explanatory instructions. The instruction (instruction No. 3) followed Neb. Rev. Stat. § 44-2810 (Reissue 1984) directly, and reads:

> A statute of the State of Nebraska in force at the time involved in this case provides: "Malpractice or professional negligence shall mean that, in rendering professional services, a health care provider has failed to use the ordinary and reasonable care, skill, and knowledge ordinarily possessed and used under like circumstances by members of his profession engaged in a similar practice in his or in similar localities. In determining what constitutes reasonable and ordinary care, skill, and diligence on the part of a health care provider in a particular community, the test shall be that which health care providers, in the

same community or in similar communities and engaged in the same or similar lines of work, would ordinarily exercise and devote to the benefit of their patients under like circumstances."

By statute, a hospital is a "health care provider" as is an anesthesiologist and a nurse anesthetist.

In this case, the nurse anesthetists and the other nurses in the evidence are employees of the defendant. The Court has determined as a matter of law that the anesthesiologist acted as the agent of the defendant. Accordingly, any acts or omissions of the nurse anesthetists, the other nurses, and the anesthesiologist in attendance on plaintiff are the acts and omissions of the defendant.

Plaintiff contends that because the hospital did not qualify under the Nebraska Hospital-Medical Liability Act (Neb. Rev. Stat. §§ 44-2801 et seq. (Reissue 1984)), the instruction should have referred to the common-law standard of care, rather than the statutory standard of care.

Plaintiff is also critical of instruction No. 9, which is as follows:

The fact that an injury occurred or the fact that the plaintiff may have sustained damages, if such fact you find, either or both, taken alone without other evidence, facts and circumstances, is no evidence of negligence. When injuries happen as incidents to reasonable use and reasonable care, the law affords no redress. If any injuries of the plaintiff were not caused by negligence of the defendant, plaintiff would not be entitled to recover for such.

Plaintiff did not object to the giving of either of these instructions at the instructional conference.

Plaintiff did tender his requested instructions Nos. 7, 8, and 9, which were as follows:

Requested instruction No. 7:

A patient is entitled to an ordinarily careful and thorough examination such as the circumstances, the condition of the patient, and the health care provider's opportunities for examination will permit, and, while the health care provider does not insure the correctness of the

diagnosis, every health care provider is required to use reasonable skill and care in determining through examination the condition of the patient and the nature of the ailment, and the health care provider is liable for a failure, due to want of the requisite skill or care to examine the condition of the patient, with resulting injury or detriment to the patient.

Requested instruction No. 8:

You are instructed that even though a nurse or other health care provider may have used his/her best judgment in treating a patient, they are not relieved of a charge of negligence against them if it is shown that the judgment used was not such judgment as is possessed and used by nurses or health care providers of ordinary learning, skill, and ability in the community, or similar communities, in which the nurse or health care provider is practicing.

Requested instruction No. 9:

A hospital must guard against not only known physical and mental conditions of its patients, but must also guard against such conditions as it should have discovered by the exercise of reasonable care.

It is the trial court's duty to instruct the jury on the issues presented by the pleadings and supported by the evidence. *First West Side Bank v. Hiddleston*, 225 Neb. 563, 407 N.W.2d 170 (1987).

" 'In applying that principle we have established that the failure to object to instructions after they have been submitted to counsel for review or to offer more specific instructions if counsel feels the court-tendered instructions are not sufficiently specific will preclude raising an objection on appeal, unless there is a plain error indicative of a probable miscarriage of justice.' "

*Id*. at 568, 407 N.W.2d at 174, quoting *Ellis & Guy Advg. v. Cohen*, 219 Neb. 340, 363 N.W.2d 180 (1985). See, also, *Webber v. City of Omaha*, 190 Neb. 678, 680, 211 N.W.2d 911, 913 (1973): "He is now barred from contending that their submission was erroneous."

Instruction No. 3 is said to be inadequate because it (1) failed to instruct the jury concerning the proper standard of care and

(2) was not supplemented by explanatory instructions. Plaintiff asserts that the common-law standard of care should have been given rather than the statutory standard of care because the defendant hospital did not qualify under the terms of the Nebraska Hospital-Medical Liability Act.

Section 44-2821(1) directs that

[a]ny health care provider who fails to qualify under the Nebraska Hospital-Medical Liability Act shall not be covered by the provisions of such act and shall be subject to liability under doctrines of common law. If a health care provider shall not so qualify, the patient's remedy shall not be affected by the terms and provisions of the Nebraska Hospital-Medical Liability Act.

Plaintiff's argument maintains that a common-law standard should have been given. Yet, in his brief, plaintiff states with respect to § 44-2810: "The language of that section is language which has been utilized by this Court in numerous cases, and the enactment of that section did not change or alter the basic standard of care owed by health care providers in Nebraska." Brief for Appellant at 11. Thus, the logical extension of plaintiff's argument yields that no prejudice has resulted from the standard of care instruction given because the statutory standard is no different than the common-law standard. The statutory standard can hardly be said to be misleading.

Even if there was error in that the hospital did not in fact qualify under the act,

We have frequently held that error without prejudice is not ground for reversal, see *Emery v. Mangiameli*, 218 Neb. 740, 359 N.W.2d 83 (1984), and that when a party has secured a judgment from a jury on facts in issue, the party has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured, *Schroll v. Fulton*, 213 Neb. 310, 328 N.W.2d 780 (1983). See, also, *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 261 N.W.2d 358 (1978); Neb. Rev. Stat. § 25-853 (Reissue 1985).

*Hennis v. O'Connor*, 223 Neb. 112, 121, 388 N.W.2d 470, 476-77 (1986).

As previously stated, plaintiff offered three so-called

explanatory instructions which the court refused to give. Requested instruction No. 7 relates only to a failure to diagnose. As correctly pointed out by the defendant, such an issue was not raised by the pleadings nor submitted to the jury.

Plaintiff's requested instruction No. 8, pertaining to the standard of care of nurses, was simply redundant to the court's instruction No. 3, which was given.

Finally, in this regard, plaintiff's instruction No. 9 was unnecessary because it dealt with the hospital's duty to guard against both known and discoverable conditions, whereas there was no question but that the evidence disclosed that defendant's agents were in fact aware of these duties. Furthermore, instruction No. 3 given by the court defined the duties of a health care provider to be to exercise reasonable and ordinary care, skill, and diligence to the same degree that such providers in the community would ordinarily devote to patients under like circumstances. The question was a fact question as to whether defendant in this case exercised such care, and that issue was decided in favor of the defendant.

All of the instructions given to the jury must be read together. There is no prejudicial error if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues. *Bergman v. Anderson*, 226 Neb. 333, 411 N.W.2d 336 (1987). See, also, *Maloney v. Kaminski*, 220 Neb. 55, 368 N.W.2d 447 (1985). The instructions at hand fairly submitted the case to the jury. Further, it is not error for the trial court to refuse a request for additional instructions where it has, on its own motion, fairly and fully instructed the jury on a party's theory of the case. *First West Side Bank v. Hiddleston*, 225 Neb. 563, 407 N.W.2d 170 (1987).

Plaintiff's complaint as to instruction No. 9 is that it directed a verdict against him and was prejudicially erroneous. The complete instruction reads:

> The fact that an injury occurred or the fact that the plaintiff may have sustained damages, if such fact you find, either or both, taken alone without other evidence, facts and circumstances, is no evidence of negligence. When injuries happen as incidents to reasonable use and reasonable care, the law affords no redress. If any injuries

of the plaintiff were not caused by negligence of the defendant, plaintiff would not be entitled to recover for such.

Plaintiff is of the opinion that the proposition of law stated in this instruction is an abstract principle which has no application to this case because plaintiff had established a prima facie case. Further, plaintiff finds no legal basis for the instruction in NJI or other sources. Plaintiff stresses that the instruction, in effect, told the jury to disregard the testimony of plaintiff's experts. This is incorrect. The jury was properly instructed regarding expert testimony via instruction No. 7, which states:

Certain witnesses have been called who testified as expert witnesses. You are not required to take the opinions of experts as binding upon you, but they are to be used to aid you in coming to a proper conclusion. Their testimony is received as that of persons who are learned by reason of special investigation, study, or experience along lines not of general knowledge, and the conclusions of such persons may be of value. You may adopt, or not, their conclusions, according to your own best judgment, giving in each instance such weight as you think should be given under all the facts and circumstances of the case.

In determining the weight to be given such testimony you should consider, among other things:

1. The education, training, experience and knowledge of the expert with respect to the matters about which he testified.

2. The reasons given for his opinion.

3. The sources of his information.

It must be remembered that instructions are to be reviewed and considered as a whole.

In considering them as a whole it is evident that instruction No. 9 is quite similar to instruction No. 4, which is not challenged. Instruction No. 4 states:

Before the plaintiff can recover against the defendant on his petition, the burden is upon the plaintiff to prove by a preponderance of the evidence each and all of the following propositions:

(1) That defendant hospital was professionally

negligent in that it departed from the standard of care as defined in Instruction No. 3, in one or more of the particulars of negligence set forth in Instruction No. 2;

(2) That such professional negligence, if any, of the defendant was a proximate cause of injury to plaintiff;

(3) That as a direct and proximate result of said negligence and injury the plaintiff sustained damages; and

(4) The nature, extent, and amount of the damages thus sustained by plaintiff.

If the plaintiff has failed to establish any one or more of the foregoing numbered propositions by a preponderance of the evidence your verdict will be for the defendant. On the other hand, if the plaintiff has established by a preponderance of the evidence all of the above numbered propositions, then your verdict will be for the plaintiff.

This instruction (instruction No. 4) lists all the elements of the tort of negligence and states that each needs to be found by a preponderance of the evidence to support a cause of action, i.e., damage alone without negligence will not support a verdict for the plaintiff. Instruction No. 9 is simply another way of stating instruction No. 4, which correctly stated the law and is in direct accord with NJI 2.01B, labeled "Burden of Proof." A sufficient legal basis exists for instruction No. 9, and although it may be redundant, it is free from error unless the court finds that it unduly emphasized the burden of proof.

In essence, instruction No. 9 simply states that an injury, in and of itself, is not evidence of negligence. Nebraska case law clearly supports such an instruction. In *Wees v. Creighton Memorial St. Joseph's Hospital*, 194 Neb. 295, 302, 231 N.W.2d 570, 575 (1975), this court stated: "Negligence is never presumed. The mere happening of an accident does not create a presumption or authorize an inference of negligence."

The defendant's position is supported by *Del Vecchio v. Lund*, 293 N.W.2d 474 (S.D. 1980), and *Orwick v. Belshan*, 304 Minn. 338, 231 N.W.2d 90 (1975), in propounding that instruction No. 9 has to do with allocation of the burden of proof. In *Orwick*, the court stated that the mere fact of an injury instruction routinely given in negligence cases was a precautionary one which has to do with the burden of proof.

Absent involvement of the doctrine of res ipsa loquitur, the defendant in a negligence action is entitled to an instruction that the mere fact that an accident has happened does not mean that anyone has been negligent. See, also, *Jones v Porretta*, 428 Mich. 132, 405 N.W.2d 863 (1987); *Zoterell v. Repp*, 187 Mich. 319, 153 N.W. 692 (1915); *Clark v. Gibbons*, 66 Cal. 2d 399, 426 P.2d 525, 58 Cal. Rptr. 125 (1967). The plaintiff in the present case has not invoked the doctrine of res ipsa loquitur.

*Del Vecchio* cited *Orwick*, when it considered the propriety of giving a "mere fact of an accident" instruction. The instruction read: " 'The mere fact that an accident happened and a party sustained damages because of such accident, in and of itself, does not give rise to any inference that it was caused by negligence of anyone.' " 293 N.W.2d at 476 n.2. The court determined the *Orwick* analysis correct and found nothing objectionable with the instruction upon retrial.

The giving of instruction No. 9 is directly sustained by Nebraska law. It is apparent that instruction No. 9 was meant to place the burden on the plaintiff to prove that the defendant's negligence was the proximate cause of the injury. By the instruction, the court merely told the jury what it had already stated in instruction No. 4 (burden of proof) and did not offend instruction No. 7 (experts).

The judgment of the district court is affirmed.

AFFIRMED.