SUSAN K. GETZSCHMAN, APPELLEE AND CROSS-APPELLANT, V. THE YARD COMPANY, INC., AND DAVID GORDON SPANGLER, APPELLANTS AND CROSS-APPELLEES.

426 N.W.2d 499

Filed July 22, 1988. No. 86-724.

Jerry W. Katskee and David A. Castello, of Katskee & Henatsch, for appellants.

Wallace Hopkins and Richard S. McMillin, of Marks & Clare, for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

NORTON, D.J.

This is an appeal arising out of a jury trial over an automobile accident which occurred at the intersection of 132d Street and Westwood Lane in the city of Omaha, Nebraska, July 2, 1984. The uncontroverted evidence would show that the accident happened at approximately 4:45 p.m. on the day mentioned; that the weather was sunny and clear; that this was a controlled intersection; that 132d Street is a four-lane street, running north and south, with two lanes of traffic in each direction and left turn lanes at the intersection in question; that Westwood Lane is a two-lane street running east and west, with one lane of traffic in each direction; that the intersection where the accident occurred is on a level, but that traffic approaching the intersection on 132d Street from the north is moving uphill; and that this street to the south of the intersection begins to slope downward.

Immediately preceding the accident, the plaintiff, Susan K. Getzschman, was operating her motor vehicle in a southerly direction in the curb (west) lane on 132d Street north of the intersection at a speed of approximately 30 to 35 miles per hour. At or about the same time the defendant David Gordon Spangler was operating a pickup truck belonging to his employer, The Yard Company, Inc., in a northerly direction on 132d Street and was approaching the intersection from the south. As Spangler approached the intersection he noted the light was red, whereupon he pulled into the left turn lane and stopped. While stopped he noted opposite him an automobile headed south that had also stopped at the intersection in either the east (inside) lane of traffic or the left turn lane. He did not see the plaintiff. When the light changed to green, he waited for the automobile opposite to move, but after "approximately 30

seconds" it had not moved, so he commenced his left-hand turn. He testified that he again looked to the north and did not see the plaintiff. He further testified that he crossed the east lane of the southbound traffic and had entered the west (curb) lane when he was struck by the plaintiff's vehicle. The impact drove the vehicle that Spangler was operating in a southwesterly direction across both lanes of Westwood Lane. There is a conflict in the evidence as to the final location of both vehicles after the accident, but it is apparent that the vehicle driven by Spangler was against or upon the curb on the south side of Westwood Lane. The physical damage from the collision on the plaintiff's vehicle was confined to the front end. The damage on the vehicle being driven by Spangler was located principally from the passenger door to the rear wheel. Spangler testified that he did not remember if he had turned on his left turn signal.

The evidence would further indicate that the plaintiff had entered 132d Street approximately two blocks north of the intersection and that she had reached a speed of approximately 30 to 35 miles per hour; that she first noted the light and the defendant's vehicle when she was approximately one-half block from the intersection; that at that time the light was green and the defendant's vehicle motionless in the left turn lane; that she had removed her foot from the accelerator but had not applied the brakes; that when she was about "a quarter of a block away" from the intersection the defendant commenced his left-hand turn; that she did not see any signal, but had assumed that he was going to turn left because of his position at the intersection; that she continued to approach the intersection without applying her brakes; and that when the defendant moved into the west, or curb, lane, she moved her foot from above the accelerator to the brake pedal, but that the collision occurred almost immediately thereafter, when the defendant's vehicle was at least halfway into the west lane.

These are the only facts that are essential to the issues presented by this appeal. The case proceeded to trial on July 22, 1986. Following the presentation of the plaintiff's case, the defendants moved for an order directing the jury to return a verdict in favor of the defendants, which was overruled by the trial court. After the presentation of the defendants' case, the

plaintiff moved for an order directing the jury to enter a verdict in favor of the plaintiff on the issue of liability and to submit only the issue of damages, and the defendants renewed their motion previously submitted. Both motions were overruled, and the case was submitted to the jury on the issues of liability, contributory negligence, and damages. The jury returned a verdict for the defendants on July 24, 1986.

Thereafter, the plaintiff moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. On hearing, the trial court overruled the motion for judgment, but sustained the motion for a new trial on the theory that the defendant Spangler was negligent as a matter of law in the operation of the vehicle he was driving and that such negligence was a proximately contributing cause of the accident. The jury verdict was vacated and set aside and a new trial granted on the issues of the contributory negligence of the plaintiff, if any, and plaintiff's damages. This appeal by the defendants and cross-appeal by the plaintiff followed.

The defendants raise five assignments of error:

1. The trial court erred in granting plaintiff a new trial in that same was not supported by the evidence and is contrary to the evidence and the law.

2. The trial court erred in finding that it should have directed negligence against defendants as a matter of law and submitted only the contributory negligence of plaintiff to the jury for [its] deliberation.

3. The trial court erred in setting aside the verdict of the jury.

4. The trial court erred in substituting its judgment for that of the jury.

5. The trial court erred in setting aside a verdict based on conflicting evidence as to which reasonable minds could differ.

In her cross-appeal, the plaintiff raises four assignments of error:

1. The trial court erred in denying Plaintiff's Motion for a Directed Verdict at the close of all the evidence.

2. The trial court erred in denying Plaintiff's post-trial Motion for Judgment (as to liability) Notwithstanding the

Verdict and for a new trial on damages only.

3. In denying the aforesaid Motions, the trial court erred in not determining that Defendant Spangler was negligent as a matter of law.

4. In denying the aforesaid Motions, the trial court erred in not determining that the Plaintiff was free from negligence as a matter of law.

Simply stated, this case involves the propriety of a left-hand turn by the defendant Spangler into a lane of traffic being used by the plaintiff. The law with regard to this matter is summarized with clarity in *Mitchell v. Kesting*, 221 Neb. 506, 508, 378 N.W.2d 188, 190 (1985), a case involving a left-hand turn, where the court stated:

Plaintiff argues that this case should have been allowed to go to the jury. In support of his position is a rule that applies where there is evidence showing that one vehicle was not in a favored position. "[T]he applicable rule is that where a motorist looks and does not see an approaching vehicle, or seeing one, erroneously misjudges its speed and distance, or for some other reason assumes that he can proceed and avoid a collision, the question is usually one for the jury." *Kremlacek v. Sedlacek*, 190 Neb. 460, 465, 209 N.W.2d 149, 154 (1973). "Generally, the failure to see an approaching vehicle is not negligence as a matter of law unless the vehicle is undisputably located in a favored position." *Treffer v. Seevers*, 195 Neb. 114, 118, 237 N.W.2d 114, 117 (1975). However, "it is established law that a driver who fails to see another who is favored over him is guilty of negligence as a matter of law." . . . *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 408, 308 N.W.2d 503, 510 (1981).

(Emphasis omitted.)

The essential question that arises in this matter is whether or not the plaintiff's vehicle was "undisputably located in a favored position." What constitutes a favored position was discussed by this court in *Hermansen v. Anderson Equipment Co.*, 174 Neb. 325, 330, 117 N.W.2d 791, 794 (1962), where the court stated:

Defendant contends that plaintiff should have seen his

car approaching and was required to notice his approach. We held in Pupkes v. Wilson, 172 Neb. 15, 108 N.W.2d 220, that: "Whether one failed to look or looked and failed to see a vehicle when it was within the limit of danger is a question for the jury, except in those cases where the evidence is so conclusive that the approaching vehicle was within the limit of danger that reasonable minds could not differ thereon. . . . The driver of a vehicle is not required to notice every car that happens actually to be within his range of vision, but only those within that radius which denotes the limit of danger. Before a verdict can be properly directed in such a case the position of the oncoming vehicle must be definitely located in a favored position, that is, that it was within that radius which denotes the limit of danger, otherwise the question becomes one for the jury."

*Treffer v. Seevers*, 195 Neb. 114, 237 N.W.2d 114 (1975), involved a left-hand turn from a highway onto a county road. The defendant was operating a tractor upon the highway and was pulling a rake. Upon reaching the intersection of the highway with the county road, she looked for traffic approaching from the opposite direction. Seeing no traffic, she commenced a left-hand turn. The plaintiff, who was operating a motorcycle and was approaching from the opposite direction, struck the right side of the tractor behind the front wheels. The plaintiff testified that he was within 45 to 50 feet from the intersection when the tractor turned. The court found: "Where reasonable minds may draw different conclusions and inferences from the evidence as to the negligence of the defendant and the contributory negligence of the plaintiff and the degree thereof when one is compared with the other, the issues must be submitted to the jury." *Id.* at 119, 237 N.W.2d at 118.

The evidence in this case would show that after stopping at the intersection involved, the defendant Spangler looked and did not see the plaintiff approaching from the north. By the plaintiff's own admission she first observed the defendant's motor vehicle at a point one-half block from the intersection. When Spangler commenced his left-hand turn, he looked once

again and did not see the plaintiff. At that point she was approximately one-quarter block away. Spangler entered her lane of traffic while she was still approaching the intersection. The collision occurred when his vehicle was at least halfway into her lane. Spangler testified that at the time of the collision the "majority of the front of the truck" was into Westwood Lane. The difference in the evidence as to where the collision occurred, coupled with the location of the physical damage on the two vehicles, the position where they came to rest, and the plaintiff's own admission that she had observed the defendant turning at a distance within which she could easily have stopped her vehicle, raises questions of placement and speed of the plaintiff's vehicle as it approached the intersection, from which reasonable minds could draw different conclusions. Thus, one cannot conclusively say in this case that the plaintiff was "within that radius which denotes the limit of danger" when the defendant Spangler entered her lane of traffic and, thus, "undisputably located in a favored position." The case was properly submitted to the jury.

In granting the plaintiff's posttrial motion and directing liability, the trial court was bound by the proposition that all controverted facts and all inferences must be construed most strictly against the moving party and in favor of the party against whom the motion was directed. See *Otto v. Hongsermeier Farms*, 217 Neb. 45, 348 N.W.2d 422 (1984).

Moreover, in setting aside the verdict of a jury, the trial court must bear in mind that a successful party has the right to keep the benefit of the verdict unless there is prejudicial error in the proceedings by which it was secured. See *Gilbert v. Archbishop Bergan Mercy Hospital*, 228 Neb. 148, 421 N.W.2d 760 (1988). The plaintiff raises error questions based only on the failure of the court to direct at the conclusion of the trial and its ruling to submit contributory negligence after the granting of the motion for a new trial. As the issue of whether or not the plaintiff was in a favored position is a jury question, and all issues of negligence and contributory negligence are properly jury issues, no prejudicial error occurred until the granting of the posttrial motion. The action of the trial court at that point constituted error.

For the foregoing reasons, the judgment of the district court for Douglas County setting aside the jury verdict and granting plaintiff's motion for a directed verdict and new trial is reversed, and the matter is remanded with instructions to reinstate the verdict of the jury rendered July 24, 1986. Plaintiff's cross-appeal is dismissed.

REVERSED AND REMANDED WITH DIRECTIONS.

GRANT, J., dissenting.

I agree with the court's opinion that plaintiff-appellee's cross-appeal should be denied. I dissent from the majority's holding that the trial court erred in sustaining plaintiff's motion for a new trial on the theory that defendant Spangler was negligent as a matter of law and should have directed a verdict as to defendant's negligence and submitted only the issues of the contributory negligence of plaintiff, if any, and plaintiff's damages.

I feel that the applicable law is set out in *Mitchell v. Kesting*, 221 Neb. 506, 508, 378 N.W.2d 188, 190 (1985), where we stated, " '[I]t is established law that a driver who fails to see another who is favored over him is guilty of negligence as a matter of law.' " (Emphasis omitted.) Defendant Spangler made a left turn at an intersection at which he was stopped. He did not see plaintiff approaching so closely that defendant's vehicle was struck on the right side before defendant could complete his turn. Spangler may have looked, but he testified he did not see plaintiff, who was "favored over him" and had the right-of-way. I would affirm.

WHITE, J., joins in this dissent.